### John McBride v. The State.

#### No. 4443.   Decided April 25, 1917.

**Aggravated Assault—Simple Assault—Deadly Weapon—Self-defense.**

Where, upon trial of aggravated assault and a conviction for simple assault, the court submitted a requested charge on self-defense, which covered the issue raised by the evidence, but refused other requested charges to avoid repetition in his charge, there was no reversible error. Following Carbough v. State, 49 Texas Crim. Rep., 452, and other cases.

Appeal from the County Court of Lee. Tried below before the Hon. John H. Tate.

Appeal from a conviction of simple assault; penalty, a fine of five dollars.

The opinion states the case.

*Thomas W. Thompson,* for appellant.—On question of self-defense: Aycock v. State, 61 Texas Crim. Rep., 9, 133 S. W. Rep., 683; Culp v. State, 58 Texas Crim. Rep., 74, 124 S. W. Rep., 946; Stuart v. State, 57 Texas Crim. Rep., 592, 124 S. W. Rep., 656.

On question of defendant's special charge: Scott v. State, 46 Texas Crim. Rep., 85, 79 S. W. Rep., 543; Castro v. State, 66 Texas Crim. Rep., 282, 146 S. W. Rep., 553.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, Judge.—This appeal is from the judgment convicting appellant of simple assault and assessing his punishment at a fine of $5.

The prosecution was for aggravated assault with a knife, alleged to have been a deadly weapon. The injured party had in his possession a gun at the time of the difficulty, which gun was not loaded. The appellant was not aware of that fact, however, and cut the injured party with the knife. The facts raised an issue of self-defense, and the court in his charge failed to submit that issue. No exception, however, was reserved to the charge, but appellant submitted three special charges, each undertaking to present the issue of self-defense. One of them was given and the other two refused. Neither of the special charges accurately stated the law of self-defense. The court would not have been justified in giving more than one of them, because to have done so would have been violative of the rule which requires the court to avoid repetition in his charge. The special charge on self-

defense which was given submitted the issue to the jury and directed an acquittal in the event the jury found that appellant assailed the injured party to protect himself against real or apparent danger. Under these circumstances we can not hold the trial court in error either in refusing the two special charges or in giving the one that he did submit to the jury. Carborough v. State, 49 Texas Crim. Rep., 452; Moxie v. State, 54 Texas Crim. Rep., 529; Branch's Ann. P. C., sec. 1946, p. 1089; Conger v. State, 63 Texas Crim. Rep., 312; Comer v. State, 26 Texas Crim. App., 509; Vernon's Ann. C. C. P., art. 743, p. 518, note 3, sub. 49.

Finding no reversible error in the record, it is ordered that the judgment of the lower court be affirmed.

*Affirmed.*