[Crim. No. 2339. In Bank.—April 26, 1921.]

In the Matter of the Application of CHARLES NELSON for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—PRISON CREDITS—WITHDRAWAL—POWER OF LEGIS-LATURE.—The credits given a convict are a pure matter of grace, which can be withdrawn by the same legislative authority which created them, and subject only to such conditions as the legislature prescribes.

[2] ID.—FORFEITURE OF CREDITS—PROCEDURE—HABEAS CORPUS.—While the rights of the convict in a proceeding to forfeit his credits should in every instance be safeguarded by the prison authorities with scrupulous care and fairness, all that seems to be required by the statute, in view of the decisions, is that the prisoner shall be informed of the charge against him, and that the board shall inform itself, by such reasonable means as it may in its discretion adopt, of the merits of the case, and the courts will not on *habeas corpus* consider the sufficiency of the evidence on which the board acted.

APPLICATION for a Writ of Habeas Corpus. Writ discharged.

---

1. Reduction of prisoner's term by allowance for good behavior, notes, 34 L. R. A. 509; 1 L. R. A. (N. S.) 520.

The facts are stated in the opinion of the court.

Charles Nelson, *in pro. per.*, for Petitioner.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

SLOANE, J.—The petitioner claims to be unlawfully imprisoned and restrained of his liberty in the state prison at San Quentin.

He is held in custody in said prison under a judgment of commitment on a sentence of fifteen years for robbery. He was received at the prison on November 1, 1907. The full term of his sentence will not expire until November 1, 1922.

Under section 1588 of the Penal Code, however, it is directed that every convict who shall have conducted himself in conformity to the prison rules and requirements shall have deducted from his term of imprisonment two months in each of the first two years, four months in each of the next two years, and five months in each of the remaining years of said term.

With the full allowance of credits thus provided for, petitioner's term of imprisonment would have expired April 1, 1917.

Prior to that date, however, the prison board declared forfeited for alleged misconduct all credits the petitioner had earned or might thereafter earn, and the prison authorities have refused and still refuse him his discharge on the ground that the term of his sentence is not yet expired.

Petitioner seeks his discharge from custody under the writ of *habeas corpus* on the ground that he has been illegally deprived of his credits.

Section 1588 of the Penal Code, which provides for the allowance of such credits, also provides for their forfeiture for flagrant disregard of prison rules and discipline, under the condition that "such forfeiture, however, shall be made only by the board of directors after due proof of the offense and notice to the offender; nor shall any forfeiture be imposed when a party has violated any rule or rules without violence or evil intent, of which the directors shall be the sole judges."

The petitioner here was charged with having participated in a riot within the prison, and on this charge he was found guilty and his credits, existing and prospective, were by the board declared forfeited.

The ground of his complaint as set forth in his petition is as follows:

"That, therefore, on or about July, 1912, your petitioner was haled before the State Board of Prison Directors, then in session at San Quentin Prison, and without having received due notice, or any notice theretofore, was summarily charged with participating in riot within the prison. He was questioned thereon and denied that he had so violated any rule of the prison and plead not guilty; that he was not confronted with any witnessses then or any time therefor or thereafter concerning said charge. That no due proof, or any proof or evidence whatsoever, was produced in his petitioner's presence, if at all, in support of said charge. But without any show of compliance with the provisions of said section 1588 of the Penal Code, he was called from the solitary dungeon cell and taken before the Board of Prison Directors at about 6 o'clock at night, and had no knowledge of the reason for so taking him before said Board until actually in their presence. He had no opportunity of preparing or presenting any defense on said charge and his credit of 67 months which were allowed by the code were forfeited by the board of prison directors, without evidence, no testimony was taken in his presence. He was not confronted by any witnesses and was not given any chance to call witnesses or to defend himself.

"Petitioner further alleges that he had no notice that any credits were to be forfeited from him and was in ignorance that the same had been forfeited until on or about the first day of April, 1916, when he should have been discharged from custody in compliance with the provisions of section 1588 of the Penal Code of the State of California."

The evidence on the hearing shows that he was brought before the board of prison directors and notified and informed of the charges made against him, to which he pleaded not guilty; that testimony on said charges was then and there taken by the board; that the warden of the prison and the captain of the yard and others testified

in support of the charges, and that thereupon he was found guilty and all credits earned or to be earned were revoked.

The proceeding was evidently summary and informal. He was served with no notice of the charges prior to being taken before the board. He pleaded not guilty and apparently had an opportunity to tell his own story. He did not ask for a continuance or for time to prepare for further defense, and makes no claim that he demanded or was refused an opportunity to produce evidence in his own behalf. He was not confronted with the witnesses against him, and had no opportunity to cross-examine them.

If the code provision which calls for "due proof of the offense and notice to the offender" entitles the prisoner to a formal hearing, the law was not complied with in this case. But, as is held in the *Matter of the Application of Stanton,* 169 Cal. 607, [147 Pac. 264], "It is settled that the board is not required to proceed with the formality required by the courts." No constitutional rights to process of law, formality of procedure, or to being confronted by the witnesses, or having the privilege of cross-examination, are involved. [1] The credits given a convict are a pure matter of grace, which can be withdrawn by the same legislative authority which created it, and subject only to such conditions as the legislature prescribes.

[2] While the rights of the convict should in every instance be safeguarded by the prison authorities with scrupulous care and fairness, all that seems to be required by the statute, in view of the decisions, is that the prisoner shall be informed of the charge against him, and that the board shall inform itself, by such reasonable means as it may · in its discretion adopt, of the merits of the case, and the courts will not on *habeas corpus* consider the sufficiency of the evidence on which the board acted. (*Matter of the Application of Stanton, supra; In re Knowlton,* 136 Cal. 107, [68 Pac. 480]; *Ex parte MacDonald* (Cal. App.), 187 Pac. 991.)

We find no evidence in this case that the prison board acted without fair investigation or in disregard of the petitioner's rights under the statute.

The writ is discharged.

Wilbur, J., Lennon, J., Angellotti, C. J., Shaw, J., Olney, J., and Lawlor, J., concurred.