### ROBINSON *v.* GRIES.

1. PARDONS AND PAROLES—ARREST—WARRANT—SIGNATURES.
    Warrant for arrest of parole violator *held*, not invalid because not signed by governor or prison warden where it was signed by commissioner of pardons and paroles and recited it was done "at the direction" of the governor (3 Comp. Laws 1929, §§ 17518, 17524, 17538).

2. PRISONS—ASSAULT OF PAROLE OFFICER—CANCELLATION OF GOOD
TIME ALLOWANCE.

Parolee's assault of parole officer when taken into custody for
violation of parole *held*, sufficient to justify commissioner of
pardons and paroles· finding him guilty of a serious act of
insubordination warranting cancellation of good time allow-
ance up to time of assault in accordance with statute (3 Comp.
Laws 1929, § 17576, as amended by Act No. 86, Pub. Acts
1931, and Act No. 252, Pub. Acts 1933).

*Habeas corpus* proceedings by Frank Robinson
with accompanying certiorari to Walter F. Gries,
warden of branch of State prison at Marquette,
Joseph C. Armstrong, commissioner of pardons and
paroles, and A. R. Pascoe, deputy commissioner of
pardons and paroles, to obtain release from prison.
Submitted August 4, 1936. (Calendar No. 38,999.)
Writ dismissed September 2, 1936.

*Frank Robinson, in pro. per.*

*David H. Crowley,* Attorney General, and *Ed-
mund E. Shepherd* and *Weston L. Sheldon,* Assist-
ants Attorney General, for the people.

FEAD, J. This is *habeas corpus* to inquire into the
detention of plaintiff in the branch State prison at
Marquette.

April 6, 1930, plaintiff was convicted of the crime
of larceny by a trick and was sentenced to prison for
an indeterminate term of not less than 2½ nor more
than 5 years. June 7th, on supplemental informa-
tion, he was convicted of being a fourth offender
habitual criminal and sentenced to life imprison-
ment.

November 20, 1933, on plaintiff's motion and be-
cause some of his prior convictions had been as a
juvenile offender, the court set aside the life sen-

tence, plaintiff was again informed against and was convicted of being a second offender and sentenced to a term of 2½ to 7½ years, beginning as of April 6, 1930. His maximum term will expire October 6, 1937, less good time allowances.

February 28, 1934, plaintiff was put on parole. During his parole period he solicited employment, at a fee, by inmates of prison, to obtain jobs for them to aid in their parole and tried to sell them memberships in an organization he had no authority to represent, which caused dissatisfaction and agitation among the prisoners; he wrote an article, admittely untrue, charging mistreatment of prisoners in Michigan institutions, and had it published; and when he was taken into custody for violating his parole he assaulted the parole officer.

Plaintiff was returned to prison July 6, 1934, on warrant dated July 2d. After hearing before the deputy commissioner, the commissioner of pardons and.paroles made an order forfeiting all of plaintiff's good time allowances to the date of return to prison. May 12, 1936, the commissioner, on report of the warden of six violations of prison rules after his return, made another special order forfeiting all good time allowance of plaintiff to the date of last offense, December 25, 1935.

There are three parole statutes, Act No. 218, Pub. Acts 1895 (3 Comp. Laws 1929, § 17537); Act No. 184, Pub. Acts 1905 (3 Comp. Laws 1929, § 17521), and Act No. 403, Pub. Acts 1921 (3 Comp. Laws 1929, § 17513). There are some inconsistences in the acts and the suggestion is made that it would seem more conducive to the orderly and certain administration of paroles if a new act with a consistent and convenient procedure were adopted to supplant them.

Plaintiff complains that his arrest and return to prison were illegal because neither the governor (3 Comp. Laws 1929, § 17538) nor the prison warden (3 Comp. Laws 1929, § 17524) signed the warrant of arrest. The warrant was signed by the commissioner of pardons and paroles and recited it was done "at the direction" of the governor, as was the parole itself. This was permissible under the act of 1921 (3 Comp. Laws 1929, § 17518).

Plaintiff's principal claim is that forfeiture of his good time earned was unwarranted by statute or rule and, if allowed such good time, his maximum term has expired and he is entitled to discharge.

We need not consider the rules adopted by the commissioner of pardons and paroles under 3 Comp. Laws 1929, § 17576 as amended by Act No. 86, Pub. Acts 1931 and Act No. 252, Pub. Acts 1933, as the statute provided that: "for any serious act of insubordination, attempt to escape, or escape, the commissioner of pardons and paroles may, by special order, take away any portion or the whole of the good time made by any convict up to the date of such offense."

Without doubt, plaintiff's assault of a parole officer would justify the commissioner in holding him guilty of a serious act of insubordination and invest him with the discretion to cancel the good time to the time of such assault. Such forfeiture of good time being within the statute, plaintiff is not entitled to present release and the writ is dismissed.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, and TOY, JJ., concurred. POTTER, J., did not sit.