## EX PARTE GILBERT SANDERSON.

No. 24095. June 9, 1948.

Hon. Max Rogers, Judge Presiding.

No attorney of record on appeal for appellant.

*Price Daniel*, Attorney General of Texas, and *Willis E. Gresham*, Assistant Attorney General, and *Ernest S. Goens*, State's Attorney, all of Austin, for the State.

HAWKINS, Presiding Judge.

Relator presented to the Honorable Henry King, Judge of Criminal District Court No. 2 of Dallas County, Texas, a petition for the writ of habeas corpus. On March 3, 1948, Judge King transferred the petition to the Judge of the 12th Judicial District at Huntsville, Texas, because more convenient to secure the necassary facts to determine the merits of relator's petition. The Honorable Max Rogers, Judge of the 12th Judicial District, heard the evidence upon the issues joined in relator's petition, and the respondent's answer, and caused the record to be transmitted to the Court of Criminal Appeals for final determination.

In his petition relator averred that he was being illegally restrained by the warden of the penitentiary for the following reasons:

"* * * Petitioner was convicted in Dallas County of the offense of assault to murder, on May 21st, 1935, and sentenced to serve not less than two years or more than ten years in the State Penitentiary. Thereafter and on August 21st, 1936, Petitioner was convicted in Hardin County of the offense of Felony theft and sentenced to serve not less than two nor more. than five years in the State Penitentiary; this sentence to begin at the expiration of the sentence received in Dallas County.

"Petitioner contends that the sentence received in Hardin County is not in accord with the Code of Criminal Procedure. Chapter 3, Article 775, of the Code of Criminal Procedure states in part 'the sentence shall begin to run on the same day as pronounced.'

"The sentence received in Hardin County was pronounced on August 21st, 1936, therefore expired August 21st, 1941. Any other method of computing the term is inconsistent with the Code of Criminal Procedure.

"Petitioner submits that on March 12th, 1943, the Governor issued a Proclamation granting Petitioner a Conditional Pardon.

Said Proclamation shows that petitioner had served in excess of ten years at that time, therefore the sentence from Dallas County on not less than two nor more than ten years expired sometime *time* before March 12th, 1943. Since the sentence from Dallas County expired prior to March 12th, 1943, and the sentence from Hardin County expired August 21st, 1941, Petitioner contends that he has served both sentences and should be discharged immediately."

Omitting formal parts, the warden of the penitentiary answered the relator's petition as follows:

"In obedience to Your Honor's order I bring before Your Honor the person of the said Gilbert Sanderson, and for cause as to why relator is held represent: that heretofore, the relator was convicted in the District Court of Dallas County, Texas of the offense of assault with intent to murder and on the 21st day of May, 1935 was sentenced to a term of not less than two years nor more than ten years in the State Penitentiary; that on the 18th day of August, 1936, the relator was released on a bench warrant to the sheriff of Hardin County, and on the 11th day of Sept. 1936, was convicted and sentenced to a term of not less than two nor more than five years in the State Penitentiary for the offense of felony theft, the sentences being cumulative, and the sentence imposed in Hardin County to commence to run at the expiration of the sentence imposed by the District Court of Dallas County, Texas; that on March 12, 1943, upon the recommendation of the Board of Pardons and Paroles, and pursuant to a proclamation of the Governor of the State of Texas, relator was granted an out-of-State conditional pardon with a credit for having served seven years and nine months straight time, and, with overtime and commutation, was credited with ten years and nine months service on his fifteen year sentence.

"That thereafter, on the 29th day of January, 1944, the relator was sentenced in a Federal District Court to serve two years in the United States Penitentiary, Leavenworth, Kansas, for the possession of explosives. Whereupon, the Governor of the State of Texas, on February 17, 1944, pursuant to a proclamation revoked the out-of-State conditional pardon previously granted to the relator. That upon the termination of the sentence imposed by the Federal authorities, the relator was returned to the Texas Prison System on November 16, 1946, and is now in the custody of Prison authorities by virtue of said revocation."

The State offered in evidence judgment in Criminal District Court No. 2 of Dallas County of date May 21, 1935, in which relator was convicted of assault with intent to murder with punishment of ten years in the penitentiary, and sentence of same date for not less than two nor more than ten years. The judgment and sentence against relator in Hardin County of date September 11, 1936, was introduced in evidence and showed his conviction for theft of personal property over the value of fifty dollars with punishment at five years in the penitentiary. In the sentence the conviction in Dallas County was properly identified, and the sentence in Hardin County ordered to begin at the expiration of the sentence from Dallas County.

The record further shows that on March 12, 1943, the Governor of Texas, the Honorable Coke R. Stevenson, granted relator an "out-of-State conditional pardon." The conditions were that if relator at any time should be guilty of "* * * any misconduct or violation of the law or fails to comply in any way with the terms hereof or for any other reason the Governor may deem sufficient (including any facts not known to the Governor at the time of this clemency) this conditional pardon shall be and is subject to revocation at the Governor's discretion, with or without hearing, as the Governor may determine, and upon revocation by the Governor of this conditional pardon, same shall become and be null and void and of no force and effect, and the said Gilbert Sanderson shall be, by order of the Governor, returned to and confined in the penitentiary to serve the sentence originally imposed upon him or so much thereof as had not been served by the said Gilbert Sanderson at the time of his release under the terms of this or any previous clemency and the time during which the said Gilbert Sanderson is at large under this or any previous clemency shall not be considered or credited to the said Gilbert Sanderson as time served on his original sentence. * * *"

On February 17, 1944, the Governor revoked the conditional pardon because of relator's conviction in a Federal District Court on January 29, 1944, and sentenced to serve two years in the United States Penitentiary at Leavenworth, Kansas, for possession of explosives. Upon the termination of relator's sentence imposed by the Federal authorities, relator was returned to the Texas Penitentiary on November 16, 1946, to serve out the balance of his fifteen-year term.

From relator's petition it will be seen that he relies upon an excerpt from Art. 775 C. C. P., as amended in 1931, 42d Leg.,

p. 349, which excerpt reads: "* * * the sentence shall begin to run on the day same is pronounced, * * *." Relator argues that from this language the trial court would have no authority to make a sentence cumulative and to begin at the termination of a sentence previously imposed. This contention is wholly without merit. Relator entirely ignores Art. 774 C. C. P., which expressly provides as follows:

"When the same defendant has been convicted in two or more cases, and the punishment assessed in each case is confinement in the penitentiary or the jail for a term of imprisonment, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction, except that in the discretion of the court, the judgment in the second and subsequent convictions may either be that the punishment shall begin when the judgment and sentence in the preceding conviction has ceased to operate, or that the punishment shall run concurrently with the other case or cases, and sentence and execution shall be accordingly."

Following relator's return to the Texas penitentiary he escaped on March 2, 1947, and thereby under the terms of the statute lost all good-time credit. As of the day of the hearing before the District Judge of Walker County, (April 9, 1948) relator still had 2 years, 2 months and 25 days to serve on his 15 year sentence.

It is relator's contention that the commutation for good conduct which he had acquired while serving the ten-year sentence should not be forfeited because of his escape after his return to the Texas penitentiary. In other words, he seeks to have this court hold that the ten-year sentence, and the five-year cumulative sentence are divisible terms.

Many cases will be found annotated in 127 A. L. R. under the reported case of Douglas v. King, p. 1200; See also 41 Am. Jur. Sec. 45, p. 919 and 50 Corpus Juris, p. 348, Section 47. The cases turn largely upon the terms of the statute controlling in the various states. In the great majority of cases involving forfeiture of good-time allowances for misconduct prior to termination of the sentence, the prevailing view has been that such allowances may be withdrawn or foreited in the event of misconduct.

Prior to 1943 the granting of commutation for good conduct was governed by Art. 6166v, Vernon's Ann Civil Statutes. That article provided for certain commutations for good con-

duct. It particularly specified: "* * * A prisoner under two or more cumulative sentences shall be allowed commutation as if they were all one sentence. * * * for any sustained charge of escape or attempt to escape, * * * all the commutation which shall have accrued in favor of the prisoner up to that day shall be forfeited * * *." The Act of the 48th Legislature, ch. 361, contained the same provision as to cummulative sentences, and also for forfeiture of all commutations in the event of escape or attempt to escape.

To sustain relator's contention would require us to entirely ignore and hold for naught the positive provisions of our statute regarding the effect of cumulative sentences and the effect of escape or attempt to escape.

Cases from other jurisdictions which appear in point here are Aderhold v. Perry, 59 Fed. (2d) 379; Carroll v. Zerbst, 76 Fed. (2d) 961; Robbins v. Gries, 277 Mich. 15, 268 N. W. 794; Re Nelson, 185 Cal. 594, 197 Pac. 947; Ex parte Taylor, 13 Pac. (2d) 906; Stephens v. Conley, 48 Mont. 352, 138 Pac. 189.

For further observations of this court upon the subject see No. 24,103, Ex parte Boyd, this day decided. (Page 164 of this volume.)

We conclude that relator has 2 years, 2 months and 25 days yet to serve from April 9, 1948, the date of the hearing before the District Judge of Walker County. Relator will remain in the custody of the Warden of the State Penitentiary to serve said remainder of his sentence.

The writ of habeas corpus is refused.