EX PARTE GILBERT SANDERSON.

No. 24400. April 13, 1949.

*Jimmie MacNicoll,* and *A. S. Baskett,* both of Dallas for relator.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

Relator presented his second application for a writ of habeas corpus to the Honorable Henry King, Judge of Criminal District Court No. 2 in and for Dallas County, Texas, on the 10th day of March, 1949. Said judge granted the application, set the hearing thereon for the 21st day of March, 1949, issued a bench warrant and had relator brought before him, heard the evidence relative to the allegations in the application for the writ, and directed that a transcript with a statement of the facts be forthwith forwarded to the court of criminal appeals for a final disposition of the case. He further ordered that relator be remanded to custody to await the disposition of the matter by the court of criminal appeals.

In the year 1948, relator presented his first application for a writ of habeas corpus to the same judge who transferred it to the Judge of the 12th Judicial District of Texas at Huntsville. The judge of said court heard the evidence relative to the issues joined and caused the entire record to be transferred to this court for final disposition. This court, after reviewing the facts together with the legal propositions advanced by him, denied the writ. He claims, however, that in his first application he overlooked the fact that he was tried in the federal court and convicted from which judgment of conviction he appealed to the circuit court of appeals; that while this case was pending on appeal he was confined in the Dallas County jail; that after his conviction in the federal court, the governor of this state revoked his conditional pardon theretofore granted him; that thereafter, in 1945, his conviction was affirmed by the circuit court of appeals. His contention now, on this hearing, is that during the time he was confined in the Dallas County jail under a judgment of conviction in the federal court and during which time his conditional pardon had been revoked he was serving time on his former convictions in the courts of this state.

The record before us shows that during the time his conditional pardon was revoked and while he was confined in the Dallas County jail under a judgment of conviction in the federal court, he was being fed and cared for at the expense of the Federal Government and therefore he was a federal prisoner. Consequently, he was not entitled to any credit on his former convictions in the state courts.

We see no need for any further discussion of the question here presented since the former opinion rendered by this court finally determined and adjudicated his status. See 152 Texas

228

Crim. Rep. 180, 212 S. W. (2d) 639, where former opinion is reported. Therefore, the writ of habeas corpus is denied.

Opinion approved by the Court.