EX PARTE VERNON M. BOBBITT.

No. 26,721. October 21, 1953.
Appellant's Motion for Rehearing Denied (Without Written Opinion) December 9, 1953.

Relator represented himself.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

This is an original application for a writ of habeas corpus brought by the relator Vernon M. Bobbitt, seeking his release from the Texas Prison System.

The record shows that the relator was, on January 31, 1949,

in cause No. 60,682 in Criminal District Court No. 2 of Harris County, Texas, sentenced to serve a term of two years. On March 3, 1949, in cause No. 60,352 in Criminal District Court No. 2 of Harris County, relator was sentenced to serve not less than 2 nor more than 5 years. This sentence contains the following order: "Sentence cumulative with No. 60,682 as to defendant Vernon Bobbitt only." On March 18, 1949, in cause No. 56,651 in criminal district court of Harris County, relator was sentenced to serve 2 years. This sentence contains the following order: "This sentence cumulative No. 60,352 in the Criminal District Court No. 2 of Harris County."

Relator contends that both cumulations are vague and indefinite and relies on Bland v. State, 145 Tex. Cr. Rep. 267, 167 S. W. 2d 761, and Ex parte Johnson, 158 Tex. Cr. Rep. 114, 218 S. W. 2d 200.

In Collier v. State, 156 Tex. Cr. Rep. 377, 243 S. W. 2d 177, we discussed Ex parte Snow, 151 Tex. Cr. Rep. 640, 209 S. W. 2d 931.

The case at bar is distinguishable from the Snow case in one respect, and we therefore concluded it wise to docket this cause and write an opinion.

In the Snow case, the two sentences were pronounced on the same day in the same court, and we held that a reference one to the other by number only was sufficient. There we said, "Had there been cases from different courts, and far removed in dates, a serious question would have been presented."

The relator herein was sentenced in different courts on different dates, but the two cumulations before us possess the following elements:

1. One Harris County Criminal District Court cumulating the sentence of another, less than a month elapsing between sentences, and referring to the number of the cause and the number of the court.

2. One Harris County Criminal District Court cumulating one of its own sentences, less than a month elapsing between sentences, and referring to the number of the cause only.

We hold both cumulations valid and hereby extend the rule announced in the Snow case, supra.

The relief prayed for is denied.