### Ex parte B. H. PRUITT.

### No. 37317.

Court of Criminal Appeals of Texas.

Dec. 9, 1964.

Rehearing Denied Jan. 13, 1965.

B. H. Pruitt, in pro. per.

Doug Crouch, Dist. Atty., Truman Powers and Jack W. Beach, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

This is an appeal from an order entered after hearing in a habeas corpus proceeding remanding the appellant to custody.

■ Appellant was convicted in Cause No. 56807 in Criminal District Court No. 2 of Tarrant County for robbery and was sentenced to a term of 5 years. The conviction was affirmed and mandate issued on March 15, 1957.

Upon his pleas of guilty to the offense of robbery in Causes Nos. 58167 and 58168, appellant was on March 20, 1957, sentenced in Criminal District Court of Tarrant County to terms of not less than 5 nor more than 10 years.

The sentence in Cause No. 58167 provides: "It is further ordered that the punishment under this sentence shall begin when the judgment and sentence in Cause No. 56807, in Criminal District Court No. 2, Tarrant County, Texas has ceased to operate."

The sentence in Cause No. 58168 provides: "It is further ordered that the sentence in this cause shall run concurrently with the sentence in Cause No. 58167. It is further provided that the punishment under this sentence shall begin when the judgment and sentence in Cause No. 56807, in Criminal District Court No. 2, Tarrant County, Texas has ceased to operate."

The cumulative provisions appear to be sufficient. Ex parte Bobbitt, 159 Tex.Cr.R. 213, 262 S.W.2d 416.

The three sentences authorize appellant's confinement by the Texas Department of Corrections until he has credit for a total of 15 years from and after March 15, 1957.

There is no merit in appellant's contention that the trial court was without authority to cumulate the sentences. Art. 774, Vernon's Ann.C.C.P.; Ex parte Sanderson, 152 Tex.Cr.R. 180, 212 S.W.2d 639.

■ Appellant's attack upon the convictions in Causes Nos. 58167 and 58168, on the ground that he was not taken before a magistrate or given an examining trial, cannot be sustained. It is shown that he did not request an examining trial prior to indictment. It is not shown that a confession was used at his trial upon his plea of guilty.

The judgment remanding appellant to custody is affirmed.