OPINION ON MOTION

PER CURIAM.
This is a motion to remand to the trial court to hold a hearing pursuant to Faretta *6 v. California, filed by the District Attorney of Midland County. Appellant, Ray Stewart Marion, was convicted by a jury of aggravated sexual assault and indecency with a child by sexual contact. Following trial, appellant’s counsel was allowed to withdraw and new counsel was appointed to assist appellant with his direct appeal. Counsel filed a timely brief on behalf of appellant on August 16, 1996. On September 13, 1996, before the state had filed a brief in response, appellant prepared his motion to this court requesting that the brief filed by appointed counsel be stricken and that appellant be allowed to proceed pro se.[1]

DISCUSSION

The right of an accused to choose his own counsel or to represent himself extends to the appellate process. Ex parte Davis, 818 S.W.2d 64, 66 (Tex.Crim.App. 1991); Webb v. State, 533 S.W.2d 780 (Tex.Crim.App.1976). However, the right to self-representation cannot be used as a tactic to delay the orderly procedure of the courts nor to interfere with the fair administration of justice. Ex parte Davis, 818 S.W.2d at 66; Webb, 533 S.W.2d at 786. If an indigent appellant is dissatisfied with appointed counsel, it must be brought to the court’s attention in a timely manner. Hubbard v. State, 739 S.W.2d 341, 344 (Tex.Crim.App.1987).
Although appellant’s counsel had filed a brief over thirty days before appellant’s request to pursue his appeal pro se, this does not appear to be an attempt to delay the process or interfere with the orderly conduct of the appellate process. Appellant filed his motion only after being informed that the state had requested an extension of time in which to file its response. Appellant has asserted his right to self-representation in a timely manner and granting his motion will not unduly delay or hamper the administration of justice.
Once it has been determined that appellant’s request to proceed pro se is timely, it must also be established that appellant is making a competent and intelligent choice in choosing to proceed pro se. Hubbard, 739 S.W.2d at 345. To competently and intelligently choose self-representation, the appellant must be made aware of the dangers and disadvantages of self-representation so that the record will establish that “he knows what he is doing and his choice is made with eyes open.” Id., quoting Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562, 581-82 (1975). To ensure that the appellant has been admonished on the dangers and disadvantages of foregoing professional representation, the trial court must develop evidence, on the record, establishing that appellant’s decision to proceed pro se is made knowingly and intelligently. Id.

CONCLUSION

The state’s motion to remand to the trial court for a hearing in conformity with the requirements of Faretta v. California is granted. The hearing shall be held and a supplemental statement of facts shall be filed reflecting those proceedings by December 10,1996.

. Appellant’s motion was dated September 13, 1996 and was filed with this court on September 20, 1996.