COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS








EUGENIO RODRIGUEZ,



 Appellant,



v.



THE STATE OF TEXAS,



 Appellee.
§


 


§


 


§


 


§


 


§


 


 §


 §


No. 08-07-00248-CR




Appeal from the



109th District Court



of Andrews County, Texas 



(TC# 1532) 




OPINION ON ABATEMENT


 This an appeal from a denial of a motion requesting a DNA and hypnosis test. Appellant
filed a motion for appointment of counsel pursuant to Article 64 of the Texas Code of Criminal
Procedure, requesting a DNA test and a hypnosis test. Judge Gibson was assigned to hear the
motion, and appointed Jason Leach to represent Mr. Rodriguez. Mr. Rodriguez filed a request
for Mr. Leach to withdraw from the case, which also stated that he would represent himself. 
Mr. Leach filed a motion to withdraw citing a conflict had arisen between counsel and the
defendant in that the scope of representation did not include filing a motion for hypnotic testing
or other collateral motions. The motion to withdraw was granted. Appellant's motions for
testing were denied. The court found that Appellant had pled guilty to the offense of murder on
December 7, 1983 and sentenced to life. The conviction was upheld by the appellate court. The
court also found Appellant has received ample review of his DNA testing claim, and the claim
for hypnotic testing was spurious and without merit.

 In his brief and a previous motion filed before the Appellant's brief due date, Appellant
requested that an attorney be appointed to represent him. A review of the record shows that at
Appellant's request, his court-appointed attorney filed a motion to withdraw, which was granted
by the trial court. However, the record does show that Appellant was admonished of the dangers
of proceeding pro se. We have previously held that the trial court must develop evidence, on the
record, establishing that Appellant's decision to proceed pro se is made knowingly and
intelligently. Marion v. State, 936 S.W.2d 5, 6 (Tex.App.--El Paso 1996, pet. ref'd). As such,
we will abate the appeal to provide the trial court the opportunity to properly admonish Appellant
of the dangers of proceeding pro se. It is also necessary to determine whether Appellant is
entitled to counsel on appeal. The trial court shall enter all necessary orders and/or findings
which may include any appointment of new counsel or findings making the Appellant aware of
the dangers and disadvantages of self-representation and to proceed pro se is knowingly and
intelligently made under Hubbard v. State, 739 S.W.2d 341, 345 (Tex.Crim.App. 1987). The
trial court shall forward its orders and/or findings to the District Clerk of Andrews County,
Texas, on or before July 3, 2009. The District Clerk shall prepare and forward a supplemental
clerk's record containing the trial court's orders and/or findings on or before July 20, 2009. 
Further the transcription of the hearing shall be prepared, certified, and filed with this Court on or
before July 20, 2009.

 We abate the appeal, and remand to the trial court for proceedings consistent with this
opinion.


June 3, 2009

 PER CURIAM


Before Chew, C.J., McClure, and Carr, JJ.

Carr, J., Not Participating


(Do Not Publish)