

IN THE
TENTH COURT OF APPEALS

———————————

No. 10-10-00381-CR

STEVE VIC PARKER,

Appellant

v.

THE STATE OF TEXAS,

Appellee

———————————

From the 19th District Court
McLennan County, Texas
Trial Court No. 2010-447-C1

## MEMORANDUM OPINION

Steve Vic Parker was convicted of two counts of Theft less than $1,500. TEX. PENAL CODE ANN. § 31.03 (West 2011). The thefts involved stealing alcohol from a liquor store on two separate occasions. The jury found two enhancement paragraphs true, and Parker was sentenced to seven years in prison for each count. We modify the trial court's judgments, and affirm them as modified.

### ATTORNEY'S FEES

In his first issue, Parker contends the evidence is insufficient to prove he has the financial means to pay his court-appointed attorney's fees. The State agrees with, and

the record supports, Parker's contention. Accordingly, we hold that the evidence is insufficient to support the trial court's assessment of attorney's fees. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2011); *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Watkins v. State*, 333 S.W.3d 771, 782 (Tex. App.—Waco 2010, pet. ref'd). Parker's first issue is sustained.

## IMPEACHMENT

In his second issue, Parker asserts that the trial court abused its discretion by permitting the State to impeach Parker with nine prior convictions. One of the convictions was in 2003 for a misdemeanor theft; the other eight were felony convictions more than 10 years old. The trial court conducted a Rule 609 balancing test and overruled Parker's objection to the admission of the nine prior convictions for impeachment purposes.

### Rule 609

Rule 609 of the Texas Rules of Evidence governs the use of a prior conviction for impeachment and provides a balancing test through which the trial court must determine whether the probative value of admitting a prior conviction outweighs its prejudicial effect to a party. TEX. R. EVID. 609(a). When convictions are older than 10 years, the probative value of the prior conviction must *substantially* outweigh its prejudicial effect. *Id.* (b). However, the "substantially outweighs" test does not apply to a prior conviction over 10 years old if a lack of reformation is shown by evidence that the witness has an intervening conviction for a felony or a misdemeanor involving moral turpitude. *LaHood v. State*, 171 S.W.3d 613, 620 (Tex. App.—Houston [14th Dist.]

2005, pet. ref'd). *See Lucas v. State*, 791 S.W.2d 35, 51 (Tex. Crim. App. 1989), *vacated on other grounds*, 509 U.S. 918, 113 S. Ct. 3029, 125 L. Ed. 2d 717 (1993). When there is evidence of lack of reformation, the test under Rule 609(a) applies. *Id*. A trial court's decision regarding the admissibility of evidence is reviewed under an abuse of discretion standard. *Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007).

*Balancing Test*

The appropriate test to be used in this case is the test pursuant to Rule 609(a), not the "substantially outweighs" test of Rule 609(b), because Parker's 2003 theft conviction was an intervening conviction of a crime of moral turpitude. *See Poore v. State*, 524 S.W.2d 294, 296 (Tex. Crim. App. 1975). To determine whether the probative value of a prior conviction for impeachment purposes outweighs its prejudicial effect, a court must consider the following factors: (1) the impeachment value of the prior crime; (2) the temporal proximity of the past crime relative to the charged offense and the witness's subsequent history; (3) the similarity between the past crime and the offense being prosecuted; (4) the importance of the defendant's testimony; and (5) the importance of the credibility issue. *Theus v. State*, 845 S.W.2d 874, 880 (Tex. Crim. App. 1992).

### *Impeachment Value, Temporal Proximity; Similarity*

The impeachment value of crimes that involve deception is higher than crimes that involve violence, and the latter have a higher potential for prejudice. *Id*. at 881. Parker's five prior convictions for unauthorized use of a motor vehicle, two prior theft convictions, and one prior burglary of a motor vehicle conviction all have strong

impeachment value because they are crimes that involve deception. *See Davis v. State*, 259 S.W.3d 778, 782 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (theft); *Baca v. State*, 223 S.W.3d 478, 484 (Tex. App.—Amarillo 2006, no pet.) (unauthorized use); *LaHood v. State*, 171 S.W.3d 613, 620 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (burglary). Arguably, Parker's prior conviction for escape relates more to deception than not and would still have some impeachment value although we have not found any cases that discuss escape in the context of Rule 609.

Temporal proximity of a past crime to the charged offense will favor admission if the past crime is recent and if the witness has demonstrated a propensity for running afoul of the law. *Theus*, 845 S.W.2d at 881. Although only one of Parker's prior convictions is relatively recent, the number of prior convictions demonstrates Parker's propensity for lawlessness.

If, however, the past crime and the charged crime are similar, the similarity will militate against admission. *Id.* Most of Parker's prior convictions admitted were similar to the theft offenses charged because those prior convictions involved the unlawful taking of another person's property.

### *Importance of Defendant's Testimony and Credibility*

These last two factors are related because both depend on the nature of a defendant's defense and the means available to him of proving that defense. *Theus*, 845 S.W.2d at 881. When the case involves the testimony of only the defendant and the State's witnesses, the importance of the defendant's credibility and testimony escalates; and as the importance of the defendant's credibility escalates, so will the need to allow

the State an opportunity to impeach the defendant's credibility. *Id.* Parker was the only witness in his defense. He repeatedly denied being in the liquor store on two different dates and stealing alcohol. He denied being the person shown on the store video stealing the alcohol. He also denied confessing to the offenses when arrested. Because of Parker's testimony, the State needed the opportunity to impeach Parker's credibility.

*Conclusion*

Weighing all the factors, we hold that the trial court did not abuse its discretion in permitting the State to impeach Parker with nine prior convictions. Parker's second issue is overruled.

**CUMULATIVE SENTENCES**

The decision to run multiple sentences concurrently or cumulatively is at the discretion of the trial court. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08 (West Supp. 2011). The judgment, however, must reflect the terms of any order for cumulative or concurrent sentences. *Id.* art. 42.01, § 1(19) (West Supp. 2011).

In each judgment of conviction for Parker, the trial court included a cumulation order which provided, "This sentence shall run consecutively to Cause No. 39,082 in the 264th District Court of Bell County, Texas." In his third issue, Parker contends that these orders are not sufficiently specific because he has multiple convictions in the 264th District Court of Bell County and a conviction in the 27th District Court of Bell County.

The Court of Criminal Appeals has set out five *recommended* elements of a cumulation order: (1) the trial court number of the prior conviction; (2) the correct

name of the court where the prior conviction was taken; (3) the date of the prior conviction; (4) the term of years of the prior conviction; and (5) the nature of the prior conviction. *Williams v. State*, 675 S.W.2d 754, 763-764 (Tex. Crim. App. 1984) (op. on reh'g). Inclusion of all the elements is not mandatory. *Id*. 764.

In this appeal, two of the five elements were included in the trial court's cumulation orders, the trial court number of the prior conviction and the correct name of the court where the prior conviction was taken. Cumulation orders containing only these two elements have been found to be sufficient. *Stokes v. State*, 688 S.W.2d 539, 541 (Tex. Crim. App. 1985); *Ex parte Pruitt*, 385 S.W.2d 384, 385 (Tex. Crim. App. 1964). We likewise find the cumulation orders in Parker's convictions to be sufficient. His third issue is overruled.

### PARKER'S PRO SE REQUESTS

Since September of this year, Parker has sent this Court requests to represent himself on appeal and file his own brief. Parker has a court-appointed attorney. By letter dated September 29, 2011 we notified counsel that Parker's motions were received on September 14, 2011 and informed counsel *and* Parker:

> Although there is no constitutional right to self-representation in an appellate proceeding, this Court has recognized that a criminal appellant has a statutory right of self-representation on appeal. *See Martinez v. Court of Appeal of California*, 528 U.S. 152, 163, 120 S. Ct. 684, 692, 145 L. Ed. 2d 597 (2000); *Fewins v. State*, 170 S.W.3d 293, 296 (Tex. App.—Waco 2005, order) (per curiam). However, the right of self-representation "cannot be manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice." *Webb v. State*, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976); accord *Marion v. State*, 936 S.W.2d 5, 6 (Tex. App.—El Paso 1996, order) (per curiam). Thus, an accused may not wait until the day of trial to seek a change of representation. *Webb*, 533

S.W.2d at 784; *Long v. State*, 137 S.W.3d 726, 735 (Tex. App.—Waco 2004, pet. ref'd). In the same manner, an appellant may not wait until late in the appellate process to assert his right of self-representation. *See Hubbard v. State*, 739 S.W.2d 341, 344 (Tex. Crim. App. 1987). Further, a criminal appellant has no right to hybrid representation. *Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001); *Meyer v. State*, 27 S.W.3d 644, 648 (Tex. App.—Waco 2000, pet. ref'd).

An *Anders* brief was initially filed in this appeal by appointed counsel, and Parker filed his own pro se brief or other response. The Court reviewed the record, found a potential issue, and ordered new counsel to be appointed. New counsel has been appointed, and a new brief has been filed.

This appeal has been delayed enough. As evident by his request for an extension of time to file a brief, Parker's request to represent himself will delay this appeal even more. Accordingly, Parker's "Motion Requesting Permission from the Honorable Court to Self-Represent and File his own Appeal Brief, and an Extention of Time to File Brief" will not be filed or acted upon. *See Ex parte Bohannan*, No. AP-76,363, 2011 Tex. Crim. App. LEXIS 618, *2 n.1 (Tex. Crim. App. May 11, 2011) ("Because applicant is represented by counsel, we disregard his numerous pro se submissions and take no action on them.").

Not dissuaded, Parker sent this Court more motions, including another request to represent himself, which we received on October 11, 2011 and October 13, 2011, respectively. We notified Parker's counsel again that we would not file or act upon the motions for the same reasons as stated in our September 29, 2011 letter.

Parker has now sent this Court a "third" motion to represent himself and file his own appellate brief which we received on November 9, 2011. For the same reasons as expressed in our letter of September 29, 2011, we will not file or act upon this motion.

## CONCLUSION

Having found the evidence to be insufficient to support the trial court's assessment of attorney's fees, we modify the trial court's judgments to delete the order

for payment of attorney's fees and order Parker to pay only the costs of court in the amount of $354.00. *See Mayer*, 309 S.W.3d at 557. Having overruled the remainder of Parker's issues on appeal, we affirm the trial court's judgments, as modified.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed as modified
Opinion delivered and filed December 7, 2011
Do not publish
[CR25]