H. M. MOXIE AND WALTER BRACKENS V. THE STATE.

No. 4008.  Decided November 18, 1908.

**1.—Theft—Charge of Court.**

Where the main charge of the court covered the requested charges which were refused, there was no error.

Vol. 54 Crim.—34.

**2.—Same—Charge of Court—Reasonable Explanation.**

Where upon trial for theft the charge of the court was in response to that portion of the testimony wherein defendant claimed that his codefendant turned the property over to him, etc., there was no error.

**3.—Same—Receiving Stolen Property—Accomplice—Invited Error.**

See opinion on accomplice's testimony and receiving stolen property and the court's charge thereon as requested by the defendant, which was erroneous as to accomplice's testimony, but being invited error the defendant could not complain.

**4.—Same—Jury and Jury Law—Drawing of Jury.**

Where upon trial of theft the defendant complained of the organization of the jury on the ground that the clerk of the District Court of Galveston County, and not the clerk of the Criminal District Court drew the jury, there was no error. Following Lee v. State, decided at present term.

**5.—Same—Sufficiency of Evidence—Declaration of Codefendants.**

Where upon trial for theft against two defendants who were jointly indicted and tried for the same offense, the evidence showed that both took the property alleged to have been stolen and divided the spoils, and subsequently confessed thereto, there was no merit in the contention of one defendant that the only evidence connecting him with the original taking was that of his codefendant.

**6.—Same—Accomplice—Corroboration.**

Where upon trial of theft of two defendants jointly indicted, the evidence showed that they were joint owners or in control of the livery stable where the buggy of the injured parties was kept from which the alleged stolen property was taken, and that they were discovered in possession thereof, and the court charged upon circumstantial evidence, no corroboration of the testimony of one defendant who charged the other with the theft was necessary.

**7.—Same—Charge of Court—Voluntary Return of Stolen Property.**

Where upon trial for theft a defendant was arrested for the theft of certain stolen property, before he made any return thereof, the same could not be regarded as a voluntary return, and no charge thereon was necessary.

**8.—Same—Charge of Court—Hearsay—Declaration of Codefendant.**

Upon tr⋅ l for theft where the record showed that there was no exception made to the statements of a codefedant not made in the presence of defendant there was no error in the court's refusal to charge that such statements should be disregarded by the jury.

**9.—Same—Requested Charge.**

Where upon appeal from a conviction of theft of two defendants, one of them complained that the court refused to give his special charge submitting the question of defendant's presence and his acting together with his codefendant at the original taking, and the record showed that said charge was given, there was no error.

**10.—Same—Charge of Court—Finding Stolen Property.**

Where upon trial for theft there was no evidence that the alleged stolen property was lost, but was accidentally left in a buggy belonging to the prosecuting witness at a livery stable controlled by the defendants, there was no error in the court's refusal to charge that if the property was lost and one of defendants found it he could not be convicted of theft, etc. Following Statum v. State, 9 Texas Crim. App., 273.

**11.—Same—Charge of Court—Harmless Error.**

Where upon trial for theft of two joint defendants, the evidence showed that they knew at the time when they took the alleged stolen property from the buggy of the prosecuting witness whose property it was, there was no error in the court's charge to the effect that when said defendants so took said money they knew the same to be the property of prosecuting witness, or could have known

by reasonable inquiry that the same was his, etc.; besides even if said charge was not properly framed the same could not have injured the rights of the defendant, and was harmless error.

**12.—Same—Charge of Court—Accomplices—Corroboration.**

Where upon trial for theft of two joint defendants, both testified in the case, each swearing that the other committed the theft, it was not necessary to charge that one accomplice could not corroborate another.

Appeal from the Criminal Court of Galveston. Tried below before the Hon. J. K. P. Gillaspie.

Appeal from a conviction of theft; penalty, two years confinement in the penitentiary of each defendant.

The opinion states the case.

*R. H. & Alice S. Tiernan,* for appellant, Walter Brackens.—On question of necessity of corroboration of accomplice's testimony: Hannahan v. State, 7 Texas Crim. App., 664; Chambers v. State, 44 S. W. Rep., 495; Crowell v. State, 24 Texas Crim. App., 404. On question of admitting testimony of codefendant in defendant's absence: Heath v. State, 7 Texas Crim. App., 464; Simms v. State, 10 Texas Crim. App., 131; Walker v. State, 37 S. W. Rep., 423; Coleman v. State, 44 Texas, 109. On question of lost property: Warren v. State, 17 Texas Crim. App., 207; Tucker v. State, 16 Texas Crim. App., 471; Wilson v. State, 20 Texas Crim. App., 662; Martinez v. State, 16 Texas Crim. App., 22; Robinson v. State, 11 Texas Crim. App., 403. On question of charge of court with reference to reasonable inquiry as to owner of property: Same authorities as last above cited. On question that defendants must be treated as accomplices and their testimony requires corroboration: McConnell v. State, 18 S. W. Rep., 645; Gonzales v. State, 9 Texas Crim. App., 374; Sessions v. State, 37 Texas Crim. Rep., 62; Crowell v. State, 24 Texas Crim. App., 404; Jernigan v. State, 10 Texas Crim. App., 546.

*Marsene Johnson* and *Aubrey Fuller,* for appellant, H. M. Moxie.— To constitute a finding theft, the intent to defraud the owner and appropriate the property to his own use, must exist in the mind of the finder at the time he takes possession of the property. If the intent to steal did not exist at the time of the taking, no subsequent intent to steal will render the original taking theft. Robinson v. State, 11 Texas Crim. App., 403 (leading case); Redd v. State, 8 Texas Crim. App., 41; Warren v. State, 17 Texas Crim. App., 207; Wilson v. State, 20 Texas Crim. App., 662; Stepp v. State, 31 Texas Crim. Rep., 349; Billard v. State, 30 Texas, 368.

Where the testimony tended to show that the property was returned before prosecution was commenced, or raised a doubt as to whether said lost property had been returned, the court should have instructed the jury as to the law applicable to the return

of lost property before prosecution. This was brought to the attention of the court in appellant's motion for new trial and also by special charge refused. Art. 872, Penal Code; Allen v. State, 12 Texas Crim. App., 190; Dupree v. State, 17 Texas Crim. App., 591.

The court should charge on every phase of the case presented by the testimony. Where property is lost and found, the court should specifically charge on law applicable to the finding of lost property, and as to the intent of the finder at the very time of the finding.

In the case at bar the court charged the jury the law applicable to theft but is really not a charge as to the theft of lost property at all; nor does it appear that the jury were anywhere instructed as to the intent the appellant must have had at the time of finding and taking the pocketbook from the buggy where it had been lost. Warren v. State, 17 Texas Crim. App., 207; Robinson v. State, 11 Texas Crim. App., 403; Wilson v. State, 20 Texas Crim. App., 665. In the Wilson case, supra, the judgment was reversed because the court did not instruct the jury clearly as to the distinction as to the time of the fraudulent intent.

The court erred in not charging the jury that the defendant Moxie could not be convicted on his own confessions unless such evidence is corroborated by other evidence tending to connect him with the offense committed and that this evidence could not be completed by the evidence of an accomplice and that defendant Brackens was an accomplice. Odle v. State, 13 Texas Crim. App., 612; Black v. State, 38 Texas Crim. Rep., 58.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellants were tried on a charge of theft, and the punishment of each was assessed at two years confinement in the penitentiary.

The facts, in substance, show that T. B. Nichols and his wife, after taking a ride in the city of Galveston in their own buggy and driving their own horse, brought the same back to the Levy Bros. livery stable where they boarded their horse. After leaving this livery stable, Mrs. Nichols discovered the absence of her pocketbook which contained one ring of the value of one thousand dollars, and sixty-four dollars in money, and one ruby ring. Her husband being apprised of the fact that she probably left her purse in the buggy, returned to the livery stable and asked the appellants, who were alone managing the buggies and horses for that part of the livery stable, if they had seen anything of the pocketbook. They each disclaimed any knowledge thereof. Subsequently T. B. Nichols returned to the livery stable in company with an officer who arrested appellant Moxie charging him with the crime. After warn-

ing him, he confessed that he and his joint appellant Brackens had the property. He turned over $55 to the officer, and said he had delivered the rest of the property, including $5 in money, to the appellant Brackens. Brackens, when arrested, after being warned, said he did not know anything about the pocketbook, but he, Brackens, had seen same put into a hollow log or stump by his codefendant Moxie, and that he thought he could show the officer where it was, which he proceeded to do. There the officer recovered the pocketbook with all the contents above described. The above is, in substance, the testimony of the witnesses. The appellants had different lawyers.

. Special charges 1 and 2 asked by appellant Brackens were covered in the main charge of the court.

Special charge No. 3 asked by appellant Brackens was given by the court, as follows: "You are instructed that if you believe from the evidence that the property described in the indictment had been stolen from Mr. Nichols, and that recently thereafter the defendant Walter Brackens was found in possession of a portion of it or knew where it was secreted, and that recently thereafter the said Walter Brackens, when his possession or knowledge of the whereabouts of said property was first questioned he made an explanation of how he came by it, or came to know of its whereabouts, and you believe that such explanation is reasonable and probably true and accounted for defendant, Brackens' possession and knowledge of the whereabouts of said property in a manner consistent with his innocence, then you will consider such explanation as true, and acquit the defendant, Walter Brackens." This charge is in response to that portion of the testimony wherein the appellant Brackens claimed that his codefendant turned the property over to him, and he made the explanation above detailed.

The court also gave special charge No. 4 asked by appellant Brackens, as follows: "You are instructed that you can not find the defendant Walter Brackens guilty from the evidence of H. M. Moxie, the other defendant herein, unless you find other evidence in this case tending to corroborate the evidence of said Moxie by connecting the said Walter Brackens with the offense committed, if you believe beyond a reasonable doubt that one was committed, to wit: the taking of the property of Mr. Nichols, as charged in the indictment, and if you believe from the evidence, or have a reasonable doubt thereof, that Walter Brackens was not present, or had nothing to do with the taking of the property from the buggy where it was left by the owner, but that said Brackens' connection with said property commenced after it was taken by some other person, then you will find defendant Brackens not guilty."

Appellant complains of the organization of the jury on the ground that the clerk of the District Court of Galveston County and not

the clerk of the Criminal District Court drew the jury. This question was passed upon by us adversely to appellant's contention in the case of Henry Lee v. State, decided at the present term, from Harris County.

The first ground of the motion for a new trial for appellant Brackens insists that the undisputed evidence, except the statement of the appellant Moxie, shows that Walter Brackens had no part in nor was present at the original taking of the property alleged to have been stolen. That the only evidence connecting appellant Brackens with the taking of the property was the evidence of Moxie, who said he, Moxie, took the money and Brackens took the purse with the jewelry in it; but Mrs. Nichols said that the purse when left in the buggy contained all the property, both money and jewelry. There is no merit in this contention. The evidence clearly shows circumstantially that both took the property and divided the spoils, and subsequently confessed to having it, and turned same over to the officer, as above stated.

The second ground of the motion insists there is an absence of evidence corroborating the testimony of Moxie who charged Brackens with participating in the original taking of the property. The court properly charged on circumstantial evidence. The evidence shows that appellants were jointly in charge of that part of the livery stable where the buggy was kept. Immediately after the purse was left in the buggy, appellants were discovered in possession of the property.

The third ground of the Bracken motion complains that the court erred in not charging on the voluntary return of stolen property before the prosecution commenced. Appellant was arrested for the theft before he made any return of the property. Hence, the same could not be regarded as voluntary and there was no error in not charging on the law of voluntary return. Nor was it error for the court to refuse to charge the jury to disregard the statements of appellant Moxie not made in the presence of appellant Brackens, because said testimony was introduced without any objection on the part of appellant and no bill of exceptions was reserved to its introduction.

Appellant's motion complains, in the fourth ground thereof, that the court erred in refusing to give special charge No. 3, which, in substance, instructs the jury that if they have reasonable doubt as to whether appellant Brackens was acting with appellant Moxie in the original taking of the property they would find him not guilty. The record shows the special charge was given.

The sixth ground of the motion complains that the court erred in not charging the jury as follows: "That if they believed from the evidence that the property was lost, and that the defendant, Brackens, found it, he could not be convicted of the theft of it

unless you believe from the evidence that at the time he found it he fraudulently took it with the intention at that time to deprive the owner of the value of it, and to appropriate it to his own use and benefit. No fraudulent intent in the mind of the defendant, Brackens, in relation to the property, which was found after he had taken the property, or a portion of it, will authorize his conviction of theft of such property." There was no error in the court's refusal to give this charge. This property was not lost. On the contrary it was accidentally left in the buggy belonging to the prosecuting witness at the livery stable where he kept his horse. If goods are accidentally left in a particular place, this would not be a case of lost property, and the taking would be from the possession of the owner. See Statum v. State, 9 Texas Crim. App., 273.

The second ground of the motion is that the court erred in his charge in making Brackens guilty of theft if he could have known who the owner was by reasonable inquiry or diligence. This was on the weight of the evidence and places too great a burden on defendant, and this part of the court's charge is erroneous because it does not confine the fraudulent intent to the very time of the taking but extends it to a time immediately after the taking, which the law does not warrant, by imposing upon said defendant the burden of making diligent search and reasonable inquiry for the owner after he had found lost property. The clause complained of is as follows: "When said defendants so took said money they knew the same to be the property of said Nichols or could have known by reasonable inquiry that the same was his, etc. * * *" In the case above cited, Judge Hurt, delivering the opinion of the court quoting from Bishop's Criminal Law, says: "Suppose the goods were accidentally left in a particular place, this would not be a case of lost property, and the taking would be from the possession of the owner. Suppose at the time of the taking the defendant knew, or had reasonable grounds to believe, that there was an owner to whom he could have delivered them, and if, so knowing, he intended to deprive the owner of their value and appropriate them to his own use, he would be guilty," citing the same authority. We think under the quotation and authority cited that the charge of the court was properly framed. But even conceding it erroneous, which we do not, it could not have injured appellant in this case, because he unquestionably, with his codefendant, took immediate possession of the buggy of the prosecuting witness and they both knew the property belonged to the prosecuting witness. So the charge, under any view, could not have injured appellant.

The next ground of the motion complains that the court erred in not charging the jury that Moxie and Brackens as to their testimony, were to be considered as accomplices, and that one accomplice could not corroborate another; that is, they could not con-

sider Moxie's testimony in corroboration of evidence of Brackens, or Brackens' as corroborating Moxie's. In this connection the court gave the following charge for the appellant Brackens: "You are instructed that you can not find the defendant, Walter Brackens, guilty from the evidence of H. M. Moxie, the other defendant herein, unless you find other evidence in this case tending to corroborate the evidence of said Moxie by connecting the said Walter Brackens with the offense committed, if you believe beyond a reasonable doubt that one was committed, to wit: the taking of the property of Mr. Nichols, as charged in the indictment, and if you believe from the evidence, or have a reasonable doubt thereof, that Walter Brackens was not present or had nothing to do with the taking of the property from the buggy where it was left by the owner, but that said Brackens' connection with said property commenced after it was taken by some other person, then you will find defendant Brackens not guilty." The court gave, as stated, the above charge. If there was any error in the charge, which may be conceded under the authorities of this court, it was an invited error on the part of appellant, and that an error invited by the appellant can not be complained of is also held by this court. Carbough v. State, 49 Texas Crim. Rep., 452. The court should have told the jury on the question of accomplice that Moxie was an accomplice, and if they believed his testimony true and the same is corroborated, etc. * * *, then they would find the defendant Brackens guilty. For authorities on this question see numerous decisions recently decided by this court. Among others the case of Oates v. State, 50 Texas Crim. Rep., 39. Both appellants complained in their motions respectively for a new trial that the court should have charged the jury that one accomplice can not corroborate another. In the first place, we hold that it was not proper to charge an accomplice's testimony at all in view of the fact that both appellants testified in this case, each swearing that the other committed the theft. Where this is the case, it is not necessary to charge on said issue, and it necessarily follows that it was not necessary to charge that one accomplice can not corroborate another. It follows, therefore, that the court did not err as complained. Finding no error in this record, the judgment is affirmed.

*Affirmed.*