OCIE LEE HOLMES V. THE STATE.

No. 21192. Delivered November 27, 1940.
Rehearing Denied January 22, 1941.

620

The opinion states the case.

*Taylor, Irwin & Irwin,* of Dallas, and *Ivan Irwin* and *Wallace B. Moore,* both of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the state penitentiary for a term of seven years.

The testimony adduced by the State shows that on Saturday

night of September 16, 1939, the appellant, accompanied by his common-law wife and Leon Pease, came into that part of Spillers' Cafe set apart for negroes in which James Johnson, Elvira Prim and the deceased, Johnnie Johnson, were sitting at the counter eating and drinking soda water. Appellant approached the deceased with the remark: "I have been looking for you all night and I am going to kill you. * * * You carried Susie (meaning appellant's wife) home last Saturday night."

Appellant then struck with a knife at the deceased's neck but did not cut him at that time because James Johnson struck appellant with a "smoothing iron." At this juncture, Mr. Spillers, the owner of the cafe, appeared on the scene and ordered them to leave his place of business. In their hurried retreat the deceased fell on his back in the street or alley and it was then that appellant stabbed him in the chest and about the heart from the effects of which he died in a very short time.

By his own testimony appellant admitted the killing but claimed that he did so in self-defense. He contended that the deceased threw a glass and a Coca-Cola bottle at him and that James Johnson struck him with a flat-iron before he ever made an attempt to cut the deceased. The testimony, although meager, also raised the issue of accident.

Appellant filed a plea for the suspension of sentence in the event of his conviction. The jury found him guilty of murder with malice and assessed his punishment as above indicated.

Bills of Exception Nos. 1, 5, 6, 7 and 8 show that the appellant, in due time, objected to Paragraph 14 of the court's charge relating to an instruction on the law of self-defense. He based his objections on the following grounds: first, that it failed to clearly instruct the jury upon the law of self-defense as applicable to the facts in the case; second, that the charge, as phrased, rendered the same incomprehensible and confusing; third, that it did not clearly instruct the jury that they must view the facts constituting the defendant's defense from his standpoint alone; fourth, that it shifted the burden of proof to the defendant; and fifth, that it failed to distinctly and in an affirmative manner instruct the jury upon the defendant's right of self-defense.

The paragraph of the charge complained of is quite lengthy and to set it out verbatim would extend this opinion at too great a length. However, when stripped of all unnecessary verbiage and repetition, it reads as follows: "If you believe from the

evidence beyond a reasonable doubt that the defendant cut or stabbed Johnnie Johnson with a knife and killed him, but you further believe from the evidence that at the time of so doing, if he did, the defendant was in danger of being killed or having serious bodily injury inflicted upon his person by Johnnie Johnson and James Johnson or by James Johnson as viewed from his standpoint under all the facts and circumstances within the defendant's knowledge that James Johnson was acting together with or aiding Johnnie Johnson, or that from words coupled with acts or conduct, if any, of Johnnie Johnson or both Johnnie Johnson and James Johnson, or either of them, and there was created in his mind a reasonable expectation or fear of death or serious bodily injury, and that acting under such reasonable expectation or fear the defendant cut or stabbed and killed Johnnie Johnson, then you must acquit the defendant, or if you should have a reasonable doubt whether or not the defendant was acting in self defense when he killed the deceased, if he did, you must give him the benefit of the doubt and acquit him."

The court did charge the jury that if they believed from the evidence, beyond a reasonable doubt, that the defendant cut or stabbed Johnnie Johnson with a knife and killed him, but further believed from the evidence that at the time of so doing, if he did, the defendant was in danger of being killed or having serious bodily injury inflicted upon his person by Johnnie Johnson or by both Johnnie Johnson and James Johnson or by James Johnson, as it reasonably appeared to him, viewed from his standpoint, or if from the words coupled with the acts and conduct, if any, of the said Johnnie Johnson or both Johnnie Johnson and James Johnson or James Johnson, if any, it reasonably appeared to the defendant at the time, viewed from his standpoint under all the facts and circumstances within his knowledge, that James Johnson was acting together with or aiding Johnnie Johnson, and it reasonably appeared to the defendant that his life or his person was in danger, and there was created in his mind a reasonable expectation or fear of death or serious bodily injury, and acting under such reasonable expectation or fear the defendant cut or stabbed and killed Johnnie Johnson, then they must acquit the defendant, or should they have a reasonable doubt as to whether or not the defendant was acting in self-defense when he killed the deceased, if he did, they must give him the benefit of the doubt and acquit him.

This charge did not restrict or limit appellant in his right of self-defense to any attack, real or apparent, of either the

deceased or James Johnson, nor did it limit appellant's right of self-defense to what occurred inside or outside of the cafe.

In determining the sufficiency of a charge, it is the duty of the court to construe and consider it as a whole and if, when so considered, it appears that it fairly states the law applicable to the facts, it will be deemed sufficient.

We note that in paragraph 13 of the charge the court instructed the jury that a person, when attacked or threatened with an attack by one or more persons and there is created in the mind of the person so attacked or threatened with an attack a reasonable expectation or fear of death or serious bodily injury, then the law excuses or justified such person so attacked or threatened with an attack in resorting to any means at his command to prevent his assailant or assailants from taking his life or inflicting upon him serious bodily injury, and it is not necessary that there should be actual danger, as a person has a right to defend his life or his person from apparent danger as fully as and to the same extent as he would had the danger been real, provided he acted upon a reasonable apprehension or fear of danger as it appeared to him at the time, and in such event a party acting under such real or apparent danger is in no event bound to retreat in order to avoid the necessity of killing his assailant.

The foregoing is a fair and adequate statement of the law of self-defense, and when the same is considered in connection with the succeeding article of the charge applying the law to the facts of which appellant complains, we believe it is sufficient to protect the appellant in all of his legal rights.

Paragraph 14-a of the court's charge, which no doubt was added after appellant had registered his objection to the charge, clearly and distinctly applied the law to the facts of the case. We therefore overrule the appellant's contention.

By Bill of Exception No. 2 appellant complains of the court's charge touching the general reputation of the defendant. His objection to said charge is that it is too indefinite and fails to advise the jury that evidence of the general reputation of the defendant cannot be used as affecting his credibility as a witness. While it is true that the charge does not specifically limit the jury in their consideration of the testimony as to the general bad reputation of the appellant as a law-abiding citizen, yet, it did advise the jury that they could only consider said testimony for the purpose of passing upon the issue of the defend-

ant's application for a suspended sentence and not as evidence in determining the guilt, if any, of the defendant or for any other purpose except the issue of a suspended sentence. There was no testimony offered either by the State or the defendant as to the appellant's general reputation for truth and veracity. The only testimony introduced as to his general reputation related to his reputation as a law-abiding citizen. However, when appellant filed a plea for a suspended sentence he laid the predicate for the introduction of testimony relating to his general reputation as a law-abiding person. Although he failed to offer any proof as to his general reputation as a law-abiding citizen, the State availed itself of the opportunity afforded to it as a result of the plea and offered testimony showing that appellant's general reputation as a law-abiding man was bad.

By Bill of Exception No. 3, appellant complains of Paragraph 16 of the court's charge relative to the law of aggravated assault and battery. He objected to said charge on the ground that it did not define the words "coupled with an ability to commit a battery." This bill is qualified by the court who states that the definition appeared in the first draft of his charge; that appellant objected thereto on the ground that there was no evidence to authorize such an instruction; that thereupon he re-drafted his charge and took the same out, and after the definition of said term was eliminated appellant then objected thereto on the ground that it was not incorporated in the charge. This bill of exception, with the qualification thereto, was accepted by the defendant and he is bound thereby. However, appellant having objected to the charge and as a result of that objection the trial court took from the charge that part objected to, he cannot be heard to complain because it was done at his instance. An accused cannot invite error and then complain thereof.

Appellant's objection to the court's charge relative to the law of suspension of sentence is in our opinion without merit. We have examined the instruction and deem it a correct pronouncement of the law.

By Bills of Exception Nos. 1, 10 and 11, appellant complains of the court's instruction to the jury upon the law of accidental killing. We quote from the charge as follows:

"You are further instructed that no act done by accident is an offense.

"Therefore, I instruct you that if you have a reasonable doubt

as to whether the cutting or stabbing of Johnnie Johnson by the defendant, if he was so cut or stabbed, was done intentionally or accidentally, you will resolve the doubt in favor of the defendant and acquit him and say by your verdict not guilty."

Appellant objected thereto: first, because it failed to apply the law to the facts of the case; and second, because it was an undue comment upon the weight of the evidence. The only testimony raising the issue is that of the defendant. We quote from his testimony as follows: "Mr. Spillers came in and said we would all have to get out. James Johnson then turned me loose and he and Johnnie Johnson started to run out the door. I started to run out with the other people in the cafe and met Johnnie Johnson at the door coming back in. Johnnie Johnson was coming back in the door and swearing at me. He said, 'I am going to kill you, you s-o-a-b.____,' and he had his hand in his pocket like this (indicating). I was trying to get out of the door at the time and the other people were behind me pushing me. I had my knife in my hand and at the time I thought that Johnnie Johnson was surely going to kill me. Johnnie Johnson and I ran together there in the door and I must have cut him with my pocket knife as we ran into each other. At the time I cut him I was trying to get out the door and he was trying to come back in."

Suppose the court had instructed the jury that if they believed from the evidence that appellant cut the deceased when they ran into each other in the doorway of the cafe, then the cutting of Johnnie Johnson by defendant was an accident and they should acquit him. Such an instruction would have been on the weight of the evidence. It occurs to us that the court, under the facts of this case, gave an adequate instruction upon the law of accident.

Appellant's third contention is that the court attempted to charge on the law of accident and also reasonable doubt and tied the two together in such a manner that the jury could not acquit the defendant on the ground of accident unless they resolved the doubt in his favor. We do not so understand the charge because the court used the disjunctive "or" and not the conjunctive "and."

Bill of Exception No. 12 is not entitled to consideration because it is multifarious. In this bill appellant complains of the court's charge with reference to the suspended sentence law and certain arguments by the prosecuting attorney. More-

over, the bill is qualified by the court and as qualified fails to reflect reversible error.

Bill of Exception No. 13 complains of certain remarks by the District Attorney in his argument to the jury. The argument complained of is not of such a nature as to inflame the minds of the jury and arouse prejudice against appellant. However, the court sustained appellant's objections and instructed the jury to disregard the same. Under these circumstances, we do not believe that appellant's rights were prejudicially affected.

From what we have said it follows that the judgment of the trial court should be affirmed, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

At the appellant's insistence on motion for rehearing we have re-examined his first proposition on original submission in the light of his complaint that it was not properly treated in the opinion. It is our conclusion, upon such examination, that the charge given was sufficiently comprehensive on the subject of self-defense. We have but little difficulty in properly analyzing and understanding the court's charge, overburdened as it is with repetitions and including matter for the benefit of appellant which was not essential to a proper presentation of the case to the jury. Our greatest difficulty has been in analyzing the objection thereto and reconciling it with the record before us.

It is unfortunate that the writer of the original opinion and counsel for appellant cannot agree on the status of the court's charge under consideration. We have concluded, however, that we may not be able to eliminate this unfortunate situation by a treatise on the subject of self-defense, and are contented to say that the original opinion properly disposed of this and all other questions in the case in our view.

The motion for rehearing is overruled.