### Ex parte Enrique GUERRERO.

### No. 49801.

Court of Criminal Appeals of Texas.

April 9, 1975.

Rehearing Denied April 30, 1975.

Reynaldo Garza, Jr., Brownsville, Ted Redington, Staff Atty., Huntsville, for appellant.

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is a habeas corpus hearing in the 197th District Court under Art. 11.07, Ver-

non's Ann.C.C.P., in which the relief requested was recommended to be denied.

Petitioner was convicted of escape from jail on April 24, 1974; the jury assessed punishment at five years' imprisonment. On the same date, the petitioner waived time for sentencing and was sentenced to not less than two nor more than five years in that cause. Twenty-two days later the petitioner pleaded guilty to a charge of burglary. The State waived the habitual criminal allegation and petitioner was assessed punishment at 12 years' confinement. On the same date and in the same proceeding, upon the petitioner's request, he was re-sentenced on the escape conviction so that the five-year sentence was ordered to run consecutively to the 12-year sentence imposed in the burglary conviction. The record reflects the following:

> "Mr. Garza [Attorney for Petitioner]: Did the Court Reporter get the statement by me and the Defendant—it was at the Defendant's request that one be stacked on top of the other. I would like the record to reflect that one reason for the resentencing was that the Defendant has requested that the five year sentence be stacked upon the 12 year, rather than the 12 year on the five year.

> "The Court: That is correct, and I granted it."

■ Complaint is made to the cumulation order of the trial judge wherein the five-year sentence was "stacked" on the 12 year sentence 22 days after the five-year sentence had begun to run. Reliance is had on Ex Parte Voelkel, 517 S.W.2d 291 (Tex.Cr.App.1975); Blackwell v. State, 510 S.W.2d 952 (Tex.Cr.App.1974); Ex Parte Brown, 477 S.W.2d 552 (Tex.Cr. App.1972); and Ex Parte Reynolds, 462 S.W.2d 605 (Tex.Cr.App.1970), which hold that an order of cumulation entered after sentence has been imposed and petitioner has suffered punishment thereunder is null and void and of no legal effect. While

this is a correct statement of the law, the circumstances in the instant case do not require that the relief be granted.

■ It is apparent from the record that the trial judge was about to cumulate the 12-year sentence on the five-year sentence which would have been proper and valid. See Art. 42.08, V.A.C.C.P. It was only at the petitioner's request that the trial judge had the five-year sentence run consecutively to the 12-year sentence. Clearly, this was error. See Ex Parte Voelkel, supra. However, we cannot say that this error was such as to grant the relief requested. From the facts here presented, we find the error to have been encouraged and invited by the petitioner himself. It is well-established in our jurisprudence that "an accused cannot invite error and then complain thereof." Holmes v. State, 140 Tex.Cr.R. 619, 146 S.W.2d 400 (1941); accord, Moxie v. State, 54 Tex.Cr.R. 529, 114 S.W. 375 (1908). The case at bar is similar to the situation presented in Ex Parte Moneyhun, 161 Tex.Cr.R. 19, 274 S.W.2d 546 (1955). There the defendant was sentenced to 120 days in jail and after serving 41 days he requested that he be released upon the condition that he not return to Taylor County to which the county judge agreed and ordered his release. Subsequently, after returning to Taylor County, the petitioner was arrested and placed in jail to serve the remainder of his unexpired sentence. In a collateral attack petitioner maintained that the county judge's order was void and of no legal effect. This Court held:

> "When appellant's attorney requested his release he became the *moving factor* and cannot now take advantage of a void order on part of the County Judge." (Emphasis added) See also Ex Parte Massie, 161 Tex.Cr.R. 568, 278 S.W.2d 851 (1955); Ex Parte Williams, 164 Tex. Cr.R. 568, 301 S.W.2d 84 (1957); compare McIntyre v. State, 172 Tex.Cr.R. 510, 360 S.W.2d 875 (1962) cert. denied 371 U.S. 867, 83 S.Ct. 130, 9 L.Ed.2d 104 (1962).

In the recent decision of Benson v. State, 496 S.W.2d 68 (1973), this Court refused to allow an appellant to take advantage of an invited error. In that case, as the jury returned with their verdict at the guilt stage of the trial but before it was received by the court, appellant and his attorney requested that the jury assess punishment which was granted by the trial judge. On appeal, complaint was made to the court's granting the relief petitioner requested. There it was said:

"Appellant cannot now be heard to complain because the court granted him what he asked for."

The aforementioned rule is dispositive of the case at bar. The petitioner was the "moving factor" in causing the trial judge to enter the order. As in Ex Parte Moneyhun, supra, petitioner may not now avail himself of the very error he initiated. If there was any harm, it was self-inflicted.

The writ is denied.

ONION, Presiding Judge (dissenting).

The majority reaches the most popular decision, under the circumstances, with which I wish I could agree, but I cannot. The question is not simply invited error, but whether the court had the authority and power to enter the order of cumulation even if requested by or consented to by the petitioner.

Petitioner was convicted of escape from jail on April 24, 1974, and was assessed a punishment of five (5) years' imprisonment. On the same date sentence was imposed. No notice of appeal was given. The sentence entered remanded the petitioner to jail until the sheriff could carry out the directions of the sentence to confine the petitioner in the Texas Department of Corrections. Twenty-two (22) days later, after petitioner had commenced serving such sentence, he pleaded guilty to the offense of burglary with intent to commit theft and was assessed punishment of twelve (12) years' confinement. On the same date he was sentenced in the burglary case. Thereafter, the record reflects the following:

"THE COURT: . . . I would like to also call again Cause No. 74–CR–33–C at this time for the purpose of re-sentencing Enrique Campos Guerrero. Any objections?

"MR. GARZA: No objection.

"MR. GILMAN: None from the State.

"THE COURT: All right, Mr. Guerrero, I have called again No. 74–CR–33–C for the purpose of re-sentencing you in this cause.

"Mr. Garza, which one does he want stacked on which one?

"MR. GARZA: He wants five on 12.

"THE COURT: Do you have anything to say as to why I should not re-sentence you now in this cause?

"THE DEFENDANT: No, sir.

"THE COURT: All right, it is the order of this Court that the Defendant, Enrique Campos Guerrero, who was found guilty of escape from jail by a jury and whose punishment was assessed by that jury at five years confinement in the Texas Department of Corrections, be delivered by the Sheriff of Cameron County, Texas, immediately to the director of corrections of the Texas Department of Corrections and there the said Enrique Campos Guerrero shall be confined in the Texas Department of Corrections for a term of not less than one day nor more than five years in accordance with the provisions of law governing penitentiaries and convicts. It is further ordered that he be credited on this sentence with 49 days on account of time spent in jail. It is further ordered that the sentence in this cause be served

consecutive to and in addition to and only upon the completion of the 12 year sentence today given him in Cause 13, 719–C. He is hereby remanded to the Sheriff until the Sheriff can carry out this sentence without bond.

"MR. GARZA: Did the Court Reporter get the statement by me that the Defendant—it was at the Defendant's request that one be stacked on top of the other. I would like the record to reflect that one reason for the resentencing was that the Defendant has requested that the five year sentence be stacked upon the 12 year, rather than the 12 year on the five year.

"THE COURT: That is correct, and I granted it."

Article 42.09, Vernon's Ann.C.C.P., provides that the sentence shall begin to run on the day the same is pronounced in cases where no appeal is taken.[1] In the escape from jail case the petitioner gave no notice of appeal and commenced the service of such sentence twenty-two (22) days before the now questioned order of cumulation was entered.

In Ex parte Reynolds, 462 S.W.2d 605 (Tex.Cr.App.1970), this court relying upon the cases of Turner v. State, 116 Tex.Cr.R. 154, 31 S.W.2d 809 (1930); and Powell v. State, 124 Tex.Cr.R. 513, 63 S.W.2d 712 (1933), held that the trial court was powerless to add a cumulation order onto the last sentence imposed after the petitioner had already suffered punishment under sentence originally imposed and that such attempted cumulation was null and void and of no legal effect.[2]

The rule discussed in *Reynolds* was followed in Ex parte Brown, 477 S.W.2d 552

(Tex.Cr.App.1972); Blackwell v. State, 510 S.W.2d 952 (Tex.Cr.App.1974); Ex parte Voelkel, 517 S.W.2d 291 (Tex.Cr. App.1975). The majority acknowledges these cases represent the correct statement of the law and such cumulated order is null and void and of no legal effect, but in the *instant* case the petitioner must serve the punishment under a null and void order the court was powerless to enter because the circumstances of the case—invited error—do not require relief.

The majority relies heavily upon Ex parte Moneyhun, 161 Tex.Cr.R. 19, 274 S. W.2d 546 (1955). There, the petitioner had served forty-one (41) days on judgments in three cases, totalling one hundred twenty (120) days in jail. The judge was approached by counsel and the petitioner was released by court order upon the condition that he would leave Taylor County and never return. He returned to Taylor County, was arrested and placed in jail to serve the remainder of the punishment assessed. By habeas corpus he attacked this latter order of confinement as being void and of no legal effect; as one hundred twenty (120) days had passed, he could not be called upon to serve the balance of his jail time. This court concluded the trial court had no authority to order him released in the first place on the above described condition, and that such order of release was void and the petitioner could not take advantage of such void order of release since his counsel was the moving factor in obtaining the release.

While *Moneyhun* is similar to the instant case, it is distinguishable. *Moneyhun* attacked a valid order of reconfinement relying upon a previous void order of release. The court held he could not rely upon the void order and that he was at the time

---

1. The statute does not affect a properly cumulated sentence. Ex parte Sanderson, 152 Tex.Cr.R. 180, 212 S.W.2d 639 (1948).

2. In *Reynolds*, supra, it was noted that in Williams v. State, 145 Tex.Cr.R. 536, 170 S.W.2d 482 (1943), it was recognized that the rule discussed in *Turner* represents an exception to the general rule that a trial court has full power and control of its judgments, orders and decrees during the term at which they are made, and that, in exercise of that power, he may, during the same term of court, correct, modify or set them aside.

confined under a valid order. In the instant case, petitioner is confined under an invalid order, which is admittedly null and void.

In Holmes v. State, 140 Tex.Cr.R. 619, 146 S.W.2d 400 (1940), cited by the majority, the defendant objected to the charge, the objected to portion was deleted, and the court held that since the deletion was at his instance, he could not later complain of the deletion. This was invited error, but did not involve a void order without legal effect which the court was powerless to enter. Moxie v. State, 54 Tex.Cr.R. 529, 114 S.W. 375 (1908), is to the same effect as *Holmes* with regard to invited error in the charge.

In Benson v. State, 496 S.W.2d 68 (Tex.Cr.App.1973), the defendant did not timely request the jury to assess punishment. See Article 37.07, Vernon's Ann.C. C.P., but made the request after the verdict at the guilt stage of trial. Such belated request would have been proper if the State had consented. The court overruled the State's objection and honored the belated request. On appeal the defendant sought to take advantage of the fact that the jury assessed punishment. Here again, it was invited error—not a null and void order without legal effect.

In Ex parte Manzella, 443 S.W.2d 260 (Tex.Cr.App.1969), the petitioner filed a habeas corpus proceeding in the County Court at Law of Cameron County seeking to prevent extradition. The court denied relief and ordered extradition. On appeal the petitioner attacked the jurisdiction of the court to order extradition. This court held that the habeas corpus jurisdiction of the County Court was limited to cases within the jurisdiction of a County Court or inferior court, and since the extradition was based on a felony, the court was without jurisdiction to order extradition. Even though petitioner had filed the proceedings in the County Court at Law, he was not prohibited from attacking as void the order the court entered for lack of jurisdiction. To the same effect is Ex parte Bennett, 442 S.W.2d 373 (Tex.Cr.App.1969).

And it is well established that jurisdiction which a court does not have cannot be conferred by consent or waiver. See 15 Tex.Jur.2d, Courts, Sec. 55, p. 482. So even if a party is the "moving factor" in attempting to confer jurisdiction on a court which it does not have, he is not bound by any order of the court which it was powerless to enter.

Aside from jurisdictional questions, it is observed that in Calvin v. State, 25 Tex. 789 (1860), and Jeters v. State, 128 Tex. Cr.R. 379, 82 S.W.2d 150 (1935), it was held that the court is without authority to amend the substance of an indictment, even with the consent of all the parties. Even if the defendant was the moving factor in securing an amendment of the substance of the indictment, any order to that effect is null and void and of no legal effect.

Surely if a defendant asked a court to impose a greater punishment for the offense of which he is convicted than is permitted by law, this court will not on collateral attack simply say it was invited error and that he was the moving factor and let the unauthorized penalty stand. Yet in the instant case, while the majority agrees that the order was null and void and of no legal effect and that the court was powerless to enter such order, it holds that petitioner's actions nevertheless require him to serve punishment assessed under a cumulated order that remains null and void. I cannot agree.

I dissent.