**Monteza HIRAD, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–97–01051–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 17, 2000.

Paul Nugent, Houston, for appellants.

William J. Delmore, III, Houston, for appellees.

Panel consists of Chief Justice MURPHY and Justices HUDSON and WITTIG.

## O P I N I O N

DON WITTIG, Justice.

Appellant was charged with aggravated kidnapping. At trial, he requested the court submit the lesser included offense of deadly conduct to the jury. The court complied and the jury found him guilty only of deadly conduct. In a single issue, Hirad now complains that the court was without jurisdiction to convict him of deadly conduct because it is not a lesser included offense of aggravated kidnapping. We affirm.

### Facts

The evidence at trial showed that Hirad, who was distraught and had consumed the drugs LSD and "Ecstacy." Appellant came to the home of an acquaintance, Stephen King, the complainant. Appellant produced a handgun and dictated what appeared to be suicide letters to King. Appellant then told King, at gunpoint, to drive him to his former girlfriend's house. On the way, he told King to pull over. Appellant fired a shot in the air. He then pointed the gun at his own head, then at King's face, and fired. The bullet struck King in the right eye, severely wounding him. Appellant testified he shot King by accident.

### Discussion

In resolving this case, we note the court of criminal appeals' recent decision of *Prystash v. State,* 3 S.W.3d 522 (Tex.Crim. App.1999), which overruled *Powell v. State,* 897 S.W.2d 307 (Tex.Crim.App.1994). The *Powell* court had held that even though the capital murder defendant had requested the trial court delete an issue the court was without authority to delete, the re-

quirement of submitting it was "absolute," "nonforfeitable" and "nonwaivable." As such, that defendant was allowed to complain of the issue on appeal. *Id.* at 316–317. In overruling *Powell,* the *Prystash* court observed that this analysis ignored the crucial distinction between rules of waiver and invited error. "The rejection of [invited error] in *Powell* was not justified by the analysis of whether a statutory requirement could be waived." *Prystash,* 3 S.W.3d at 531. Therefore, in a case where the appellant affirmatively invited the error, the court held, "[j]ust as the law of entrapment estops the State from making an offense of conduct it induced, the law of invited error estops a party from making an appellate error of the action it induced." *Id.*

Similarly, in *Ex parte Guerrero,* 521 S.W.2d 613 (Tex.Crim.App.1975), the trial court had imposed a sentence, requested by the defendant, that the court of criminal appeals agreed was "null and void and of no legal effect." *Id.* at 614. But despite the trial court's lack of power to impose such a sentence, the court held the defendant on appeal could not "avail himself of the very error he initiated." *Id.* at 615.

■ We apply the same principle as expounded in *Prystash* and *Guerrero.* Therefore, by affirmatively requesting a jury issue on deadly conduct, appellant is now estopped from complaining about its inclusion, regardless of the nature of the underlying error.

■ We note that even if appellant were allowed to complain on appeal, the trial court did not err in submitting deadly conduct to the jury.[1] Though we found no Texas cases deciding whether deadly conduct is a lesser included offense of aggravated kidnaping, at least one court of criminal appeals case holds deadly conduct can be a lesser included offense of aggravated assault. *Bell v. State,* 693 S.W.2d 434, 438–39 (Tex.Crim.App.1985). *Bell* is instructive because the pertinent language under aggravated kidnapping, "uses or exhibits a deadly weapon," is identical in aggravated assault. *See* Tex. Pen.Code Ann. §§ 22.02(a)(2) & 22.04(b)(3). In *Bell,* the court examined whether deadly conduct could be a lesser included offense of aggravated assault[2]:

> Patently, threatening another with imminent bodily injury is engaging in conduct. When that threat is accomplished by the use of a deadly weapon, by definition the victim is "exposed" to the deadly character of the weapon and the inherent risk of serious bodily injury. The danger of serious bodily injury is necessarily established when a deadly weapon is used in the commission of an offense. It follows, therefore, that proof of threatening another with imminent bodily injury by the use of a deadly weapon constitutes proof of engaging in conduct that places another in imminent danger of serious bodily injury.

*Id.* at 438–39. The court went on to hold that under Tex.Code Crim. Proc. Ann. art. 37.09(1), deadly conduct was a lesser included offense of aggravated assault in that case because it was established by proof of the same facts required to establish the commission of aggravated assault

---

1. Hirad cites Tex. Pen.Code Ann. § 22.05(c), which states, "Recklessness and danger are presumed if the actor knowingly pointed a firearm at or in the direction of another" and claims that this is an essential element of the offense of deadly conduct. He argues that since aggravated kidnapping requires only requires proof of "uses or exhibits a deadly weapon," the offense of deadly conduct necessarily requires proof of an additional element or more facts. Therefore, he concludes, it cannot be a lesser included offense of aggra-

vated kidnapping. Hirad's assumption is flawed because the provision he cites is not a required element of deadly conduct, only a *permissive* means by which to trigger a presumption of recklessness.

2. Both *Bell* and this case required proof the defendants "recklessly engage[d] in conduct that place[d] another in imminent danger of serious bodily injury." Tex. Pen.Code Ann. § 22.05(a).

by the use of a deadly weapon. *Id.* Because the required proof of "use of a deadly weapon" was the same for aggravated kidnapping, we view that deadly conduct was, in this case, properly submitted as a lesser included offense of aggravated kidnapping.[3] Therefore, the trial court did not err in so charging the jury.

Appellant's sole issue is overruled. The judgment of the trial court is affirmed.

**3.** Hirad did not contend the State's case, "as presented," failed to prove the offense of deadly conduct.