NO. 07-00-0385-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 21, 2001

_____

ALEX PLASENCIO, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B 13641-0002; HONORABLE ED SELF, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Following his plea of not guilty, a jury convicted appellant Alex Plasencio, Jr. of driving while intoxicated, third offense, and his punishment was assessed by the trial court at 25 years confinement. By two points of error, appellant contends (1) the trial court erred in failing to declare a mistrial following improper argument by the State during the guilt/innocence phase of the trial, and (2) the trial court erred in failing to give a limiting

instruction to the jury, or in the alternative, in failing to declare a mistrial following improper jury argument by the State during the guilt/innocence phase of the trial. Based upon the rationale expressed herein, we affirm.

Appellant does not challenge the sufficiency of the evidence to support his conviction. Thus, only the facts necessary to our disposition will be considered. While on patrol in Plainview on December 25, 1999, at approximately 5:00 a.m., Officer Sanchez was dispatched to a "fight call." While en route to the call, the officer observed a passenger in a car headed in the opposite direction "duck down." He turned his patrol car around and stopped the car which was driven by appellant. The officer noticed an odor of alcohol on appellant's breath and appellant told the officer that he had consumed two beers. After the officer observed that appellant's eyes were red and glassy and that his speech was slurred, he administered several field sobriety tests. The officer formed the opinion that appellant was intoxicated, placed him under arrest, and transported him to the Hale County Jail. Appellant refused a breath test.

By his first point of error, appellant contends the trial court erred in failing to declare a mistrial following improper jury argument by the State during the guilt/innocence phase of the trial. We disagree. When defense counsel concluded his argument to the jury, the prosecution opened its argument as follows:

Mr. McEachern: First of all, let me tell you one thing. If you want to buy that argument, then so be it. But DWI's were around a lot longer than before we

2

had video cameras and before we had Intoxilyzers and everything else like that. And your fathers and your mothers have seen drunks in the past, you have seen drunks in the past, and you know what's drunk.

So, you could get up here like he did and try to criticize Officer Sanchez, and you could try to criticize Art, and you can say that one person is not enough. But if you do so, you think about that lady that's laying in the parking lot *that's been raped*–

Mr. McDonald: Your Honor, I object to that. That's not proper argument.

The Court: I'll sustain the objection, Counsel.

Mr. McDonald: Could I get a jury instruction?

The Court: Ladies and gentlemen, you will disregard that argument.

Mr. McDonald: Your Honor, I'd ask for a mistrial based on that.

The Court: Overruled.

(Emphasis added). Because the trial court recognized the erroneous argument by the prosecutor, sustained appellant's objection, and instructed the jury to disregard the argument, we must now decide if the trial court erred in denying appellant's request for a mistrial. Although appellant recognizes that improper jury argument is generally cured by an instruction from the trial court to the jury to disregard the argument, appellant contends the argument was clearly calculated to inflame the minds of the jury and was of such a character to suggest the impossibility of withdrawing the impression produced in the minds of the jury.

In Brown v. State, 692 S.W.2d 497, 502 (Tex.Cr.App. 1985), where an objection was sustained and the jury instructed to disregard the argument, the court stated:

3

improper argument will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute or injects new facts, harmful to the accused, into the trial proceedings.

Then, in Cooks v. State,[1] the Court refined the rule by holding:

Moreover, only offensive or flagrant error calls for reversal when there has been an instruction to disregard.

Appellant does not reference the evidence to develop his contention that the argument was so highly prejudicial and inflammatory that it could not be cured by the instruction to the jury to disregard. However, in reviewing the argument, we find that the reference to a hypothetical victim who had been raped, although foreign to the evidence and offense charged and improper, was in response to defendant's argument concerning presentation of evidence by the State from only one witness. Accordingly, we conclude the trial court did not err in failing to declare a mistrial because the argument did not amount to the type of flagrant error that could not be cured by the court's instruction to disregard. Appellant's first point of error is overruled.

By his second point of error, appellant contends the trial court erred in failing to give a limiting instruction to the jury, or in the alternative, in failing to declare a mistrial,

---

[1]844 S.W.2d 697, 728 (Tex.Cr.App. 1992), *cert. denied*, 509 U.S. 927, 113 S.Ct. 3048, 125 L.Ed.2d 732 (1993), citing Jones v. State, 568 S.W.2d 847 (Tex.Cr.App. 1978), *cert. denied*, 439 U.S. 959, 99 S.Ct. 363, 58 L.Ed.2d 352 (1978).

4

following improper jury argument by the State during the guilt/innocence phase of the trial. We disagree. Appellant objected to the prosecution's argument as being a comment on appellant's right to remain silent. The court responded, "It was in the testimony, Counsel," and overruled the objection. Defense counsel's cross-examination of the officer included references to appellant's silence, as follows:

Mr. McDonald: Did you talk to him on the way in?

Officer: No, sir.

Mr. McDonald: Okay. So, you read him his rights once down in the Hale County Sheriff's Office.

Officer: Yes, sir.

Mr. McDonald: You asked him to take the field sobriety tests afterward. Did you ask him to take the Breathalyzer?

Officer: Yes sir.

Mr. McDonald: But he refused that.

Officer: Yes sir.

Mr. McDonald: You also asked him to answer some questions.

Officer: Yes.

Mr. McDonald: He refused that as well.

Officer: Yes, sir.

The State correctly points out that its argument was simply a summation of evidence placed in the record by appellant. *See* Long v. State, 823 S.W.2d 259, 267 (Tex.Cr.App. 1991), *cert. denied*, 505 U.S. 1224, 112 S.Ct. 3042, 120 L.Ed.2d 910 (1992) (stating that summation of the evidence is a proper area of jury argument). Accordingly, appellant is

estopped from contending error resulting from an argument he raised. Prystash v. State, 3 S.W.3d 522, 531 (Tex.Cr.App. 1999), *cert. denied*, 529 U.S. 1102, 120 S.Ct. 1840, 146 L.Ed.2d 782 (2000); Ex Parte Guerrero, 521 S.W.2d 613, 614 (Tex.Cr.App. 1975). Appellant's second point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.