NO. 07-03-0383-CR


NO. 07-03-0384-CR


NO. 07-03-0385-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



FEBRUARY 24, 2005



______________________________




DAVID MATTHEW LAYTON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 34,435-C, 34,436-C, 34,437-C; HONORABLE PATRICK PIRTLE, JUDGE



_______________________________



Before REAVIS and CAMPBELL, JJ., and BOYD, S.J. (1) 

 In these companion cases, appellant David Matthew Layton was convicted of
aggravated kidnapping and aggravated sexual assault of a child. We affirmed the trial court
conviction in each case. See Layton v. State, No. 07-96-0234-CR, 1997 Lexis 5257 (Tex.
App.-Amarillo Oct. 3, 1997, pet. ref'd); Layton v. State, No. O7-96-O235-CR, 1997 Lexis
5258 (Tex. App.-Amarillo Oct. 3, 1997, pet. ref'd); and Layton v State, No. 07-96-0236-CR,
1997 Lexis 5259 (Tex. App.-Amarillo Oct. 3, 1997, pet. ref'd). Appellant now asserts that
the trial court reversibly erred in denying his motions for post-conviction forensic DNA
testing. For the reasons set out below, we disagree the trial court erred, and we affirm the
trial court's denial of those motions.

 Texas Code of Criminal Procedure article 64.03(a)(2)(A) provides that a trial court
may only order forensic DNA testing if the convicted person establishes by a
preponderance of the evidence that the person would not have been convicted if
exculpatory results had been obtained through DNA testing. Tex. Code Crim Proc. Ann.
art 64.03(a)(2)(A) (Vernon Supp. 2004-05). In advancing his contention that his motions
should have been granted, appellant, for the most part, again challenges in some detail the
legal and factual sufficiency of the evidence to support his conviction. In addition, he
specifically argues that the victims never made a firm identification of him as the culprit and
emphasizes that the State's evidence shows he arrived at the scene of the crimes just after
the commission of the crimes. 

 However, the evidence in these cases was reviewed in somewhat exhaustive detail
in our opinions affirming the convictions, and appellant has not presented any contentions
here that were not within the bounds of our prior discussion of the sufficiency of the trial
evidence. Because of the nature of the evidence sustaining appellant's conviction,
appellant has not borne his burden to show by a preponderance of the evidence that he
would not have been prosecuted or convicted if exculpatory results had been obtained
through DNA testing.

 Accordingly, the trial court's denial of appellant's amended motions for DNA testing
of evidence must be, and are hereby, affirmed in each case.


 John T. Boyd

 Senior Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004-2005). 



ppellant's objection, and instructed the jury to disregard the
argument, we must now decide if the trial court erred in denying appellant's request for a
mistrial. Although appellant recognizes that improper jury argument is generally cured by
an instruction from the trial court to the jury to disregard the argument, appellant contends
the argument was clearly calculated to inflame the minds of the jury and was of such a
character to suggest the impossibility of withdrawing the impression produced in the minds
of the jury. 

 In Brown v. State, 692 S.W.2d 497, 502 (Tex.Cr.App. 1985), where an objection was
sustained and the jury instructed to disregard the argument, the court stated:

 improper argument will not constitute reversible error unless, in light of the
record as a whole, the argument is extreme or manifestly improper, violative
of a mandatory statute or injects new facts, harmful to the accused, into the
trial proceedings.


Then, in Cooks v. State, (1) the Court refined the rule by holding:

 Moreover, only offensive or flagrant error calls for reversal when there has
been an instruction to disregard.


Appellant does not reference the evidence to develop his contention that the argument
was so highly prejudicial and inflammatory that it could not be cured by the instruction to
the jury to disregard. However, in reviewing the argument, we find that the reference to
a hypothetical victim who had been raped, although foreign to the evidence and offense
charged and improper, was in response to defendant's argument concerning presentation
of evidence by the State from only one witness. Accordingly, we conclude the trial court
did not err in failing to declare a mistrial because the argument did not amount to the type
of flagrant error that could not be cured by the court's instruction to disregard. Appellant's
first point of error is overruled. 

 By his second point of error, appellant contends the trial court erred in failing to give
a limiting instruction to the jury, or in the alternative, in failing to declare a mistrial,
following improper jury argument by the State during the guilt/innocence phase of the trial. 
We disagree. Appellant objected to the prosecution's argument as being a comment on
appellant's right to remain silent. The court responded, "It was in the testimony, Counsel,"
and overruled the objection. Defense counsel's cross-examination of the officer included
references to appellant's silence, as follows:

 Mr. McDonald: Did you talk to him on the way in?

 Officer: No, sir.

 Mr. McDonald: Okay. So, you read him his rights once down in the Hale
County Sheriff's Office.

 Officer: Yes, sir.

 Mr. McDonald: You asked him to take the field sobriety tests afterward. Did
you ask him to take the Breathalyzer? 

 Officer: Yes sir.

 Mr. McDonald: But he refused that.

 Officer: Yes sir.

 Mr. McDonald: You also asked him to answer some questions.

 Officer: Yes.

 Mr. McDonald: He refused that as well.

 Officer: Yes, sir.


The State correctly points out that its argument was simply a summation of evidence
placed in the record by appellant. See Long v. State, 823 S.W.2d 259, 267 (Tex.Cr.App.
1991), cert. denied, 505 U.S. 1224, 112 S.Ct. 3042, 120 L.Ed.2d 910 (1992) (stating that
summation of the evidence is a proper area of jury argument). Accordingly, appellant is
estopped from contending error resulting from an argument he raised. Prystash v. State,
3 S.W.3d 522, 531 (Tex.Cr.App. 1999), cert. denied, 529 U.S. 1102, 120 S.Ct. 1840, 146
L.Ed.2d 782 (2000); Ex Parte Guerrero, 521 S.W.2d 613, 614 (Tex.Cr.App. 1975).
Appellant's second point of error is overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice



Do not publish.
1. 844 S.W.2d 697, 728 (Tex.Cr.App. 1992), cert. denied, 509 U.S. 927, 113 S.Ct.
3048, 125 L.Ed.2d 732 (1993), citing Jones v. State, 568 S.W.2d 847 (Tex.Cr.App. 1978),
cert. denied, 439 U.S. 959, 99 S.Ct. 363, 58 L.Ed.2d 352 (1978).