NUMBER 13-09-00595-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


DONALD RAY LUEDECKE, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 329th District Court 

of Wharton County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Benavides, and Vela 


Memorandum Opinion by Justice Rodriguez



 Appellant Donald Ray Luedecke pleaded guilty to twenty-six counts of improper
visual recording. See Tex. Penal Code Ann. § 21.15 (Vernon Supp. 2009). (1) Appellant
elected to have the trial court assess punishment, and he was sentenced to twenty-six
concurrent sentences of two years each in the state jail division of the Texas Department
of Corrections, plus a $10,000 fine. By one issue, appellant generally contends his due
process was denied when, at the punishment hearing, the trial court viewed taped
evidence for the purpose of fact finding without proceedings in a public trial. We affirm.

I. Background (2)
 

 By his guilty plea, appellant admitted that he placed a video recorder in the
bathroom of his store in violation of section 21.15(b)(2) of the Texas Penal Code. See id. 
At the punishment hearing, Detective Russell Urban testified that he had viewed the
recordings. On cross-examination, Detective Urban testified that the recordings were also
shown to the three victims, the district attorney, and an assistant district attorney. In
addition, it is undisputed that appellant, his counsel, and the trial judge viewed the
recordings outside the courtroom. The trial judge's review of the videotapes is supported
by his affidavit, which was filed as part of the supplemental clerk's record in this appeal. 
In the affidavit, the trial judge avowed the following:

 I viewed a video of the events of "Improper Visual Recording" before I ruled
on the sentencing issue in this case at the request of both the State's
attorney and defense attorney . . . . Since the case was completed I
reviewed the file and the transcript and I am not able to locate anywhere the
video was admitted into evidence.


Except for this affidavit, we find nothing in the record regarding the trial court's viewing of
the recordings or any request for admission of the videotapes into evidence. The
recordings are not a part of the appellate record.

II. Discussion

 By his sole issue, appellant contends that he was denied the protection of the due
process clause of the Fourteenth Amendment because the fundamental guarantee that
proceedings in criminal trials shall be held in a public trial was disregarded. See U.S.
Const. amend. VI; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 1.24 (Vernon
2005). More specifically, appellant asserts that when the prosecutor and defense attorney
agreed to show the trial judge the recordings without the protections of an open court
proceeding, he was denied due process. Appellant claims that although the trial court did
not dismiss individuals from the courtroom during trial proceedings, it did exclude a crucial
part of the proceedings from the public trial. Appellant notes that the recordings were
never offered, admitted, or filed of record and contends that this is an important
consideration because he had the burden to bring forward a record to support his claims
on appeal. See Tex. R. App. P. 33.1. Appellant argues that, under these circumstances,
where a full record of the proceedings, including a record of all exhibits offered into
evidence was not prepared, he had none of the protections of due process afforded him
by the United States and Texas Constitutions.

A. Waiver Typically, the right to a public trial is reviewed in terms of a court's action to exclude
persons or press from an open court hearing. See Addy v. State, 849 S.W.2d 425, 428-29
(Tex. App.-Houston [1st Dist.] 1993, no pet.). While appellant complains that due process
was violated by disregarding his right to a public trial, the only portion of this public
proceeding about which he complains is the trial court's private viewing of the
recordings--a procedure that appellant admits his attorney agreed to at trial. And, as
appellant concedes, the right to a public trial is not an absolute right. See id. at 429. 
Moreover, failure to object to the closing of the courtroom will serve to waive the right to
a public trial. See Levine v. United States, 362 U.S. 610, 619 (1960).

 In this case, although appellant complains that the viewing of the videotapes took
place outside the courtroom rather than in open court, he admits that this out-of-court
viewing occurred "by agreement of the State and the defense attorney prior to ruling at the
punishment hearing." Appellant did not object to the trial court's in-chambers viewing of
the video on due process and did not request that the videotapes be admitted as evidence. 
Based on his actions, appellant therefore waived his right to complain on appeal of not
receiving a public hearing. See id; see also Bitterman v. State, 180 S.W.3d 139, 141 (Tex.
Crim. App. 2005) (concluding that even a constitutional right complaint can be waived).

B. Invited Error

 Furthermore, by his actions, appellant invited any alleged error by requesting and
agreeing to the out-of-court viewing procedure. Having done so, appellant is estopped
from complaining of not having a record of the proceedings. See Druery v. State, 225
S.W.3d 491, 506 (Tex. Crim .App. 2007) ("[T]he law of invited error estops a party from
making an appellate error of an action it induced."); Prystash v. State, 3 S.W.3d 522, 531
(Tex. Crim. App. 1999) (en banc) (explaining that "the doctrine of invited error estops the
appellant from complaining of it" and describing "invited error" as "more than, and different
from, waiver," because "invited error" excludes from the definition of "reversible error" any
actions of the trial court "actually sought by the party in that tribunal"); Ex parte Guerrero,
521 S.W.2d 613, 614 (Tex. Crim. App. 1975) ("[A]n accused cannot invite error and then
complain thereof.").

 Based on the above analysis, we overrule appellant's sole issue.

III. Conclusion

 Accordingly, we affirm the judgment of the trial court.


 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Delivered and filed the 

5th day of August, 2010.

1. Section 21.15(b)(2) provides, in relevant part, the following:


 (b) a person commits an offense if the person:


 . . . .


 (2) photographs or by videotape or other electronic means records, broadcasts, or
transmits a visual image of another at a location that is a bathroom or private
dressing room:


 (A) without the other person's consent; and


 (B) with intent to:


 (i) invade the privacy of the other person; or


 (ii) arouse or gratify the sexual desire of any person . . . .


Tex. Penal Code Ann. § 21.15 (Vernon Supp. 2009).
2. Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite
them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. See
Tex. R. App. P. 47.4.