In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00325-CV
_____

**STEVEN L. BAHR and CYNTHIA L. BAHR, Appellants**

**V.**

**EMERALD BAY PROPERTY OWNERS ASSOCIATION, INC., Appellee**

**On Appeal from the 258th District Court**
**Polk County, Texas**
**Trial Cause No. CIV29248**

**MEMORANDUM OPINION**

Emerald Bay Property Owners Association, Inc. ("the Association") filed suit against Steven L. Bahr and Cynthia L. Bahr for an alleged violation of a fence provision contained in Emerald Bay Subdivision's 1999 Amended Deed Restrictions. The Bahrs responded by filing a counterclaim against the Association and its directors individually. In response to a Rule 91a motion to dismiss, the trial court dismissed the Bahrs' counterclaim against all defendants. The original parties

then filed competing motions for summary judgment. After a hearing, the trial court denied the Bahrs' motion for summary judgment and granted summary judgment in favor of the Association. The Bahrs appeal the trial court's judgment. We affirm the trial court's final judgment.

## I. Background

The underlying lawsuit arises from dispute over a fence erected by the Bahrs. In its original petition, the Association detailed the existence of deed restrictions burdening the property, and asserted the most recent applicable restrictions were contained in the 1999 Amended Restrictions, specifically paragraph 4(B). The provision contained in 4(b) provides:

> (B)    No wall, fence, planter[,] or hedge shall be erected or constructed on lots that do not meet the following conditions:
>
> No wall, fence, planter[,] or hedge shall be erected or constructed between the front property line and a point 8 feet in front of the dwelling or associated garage or shed and within accordance with the front set back line restrictions. No wall[,] fence, planter[,] or hedge will be erected or constructed on any corner lot between the side property line and the side set back line adjacent to the street. Walls, fences, plants, or hedges may be erected, but may not extend more than 8 feet from a dwelling or associated garage or shed. *Decorative fences along the front easement are permitted with approval of the Board. Fences for child and pet containment and safety are permitted, but can not [sic] extend more than 8 feet from the associated dwelling, garage, or shed and must be approved by the Board of Directors.* (Emphasis added).

2

The Association claimed that the Bahrs' predecessors in title burdened the property at issue with the 1999 Amended Deed Restrictions by executing the "Acknowledgment by Property Owner(s) to Amended Restrictions for Emerald Bay Subdivision, Polk County, Texas" on August 31, 1999. The record reflects that the subsequent conveyances of the property at issue, including the conveyance to the Bahrs, referenced the amended restrictions in the deeds.

The Association presented evidence that other property owners in the neighborhood had previously sought approval from the Association's board of directors in conformance with the 1999 Amended Restrictions when seeking permission to build various items covered by the Restrictions. The record also reflects that the Bahrs themselves acknowledged the existence of the Association and the restrictions when they sought permission to extend their garage the previous year.

When the Bahrs constructed a fence on the property in April 2014, the Association's Secretary sent an email to Steven Bahr advising that the fence was in violation of the 1999 Amended Restrictions and that the Bahrs would have to remove the fence. The Association subsequently sent a certified letter regarding the deed restriction violation notice to the Bahrs, advising them they needed to remove the fence pursuant to chapter 209 of the Property Code. The Bahrs responded through

3

their attorney stating that they denied any violation alleged in the Association's letter and that they would continue to defend and enjoy their property as they saw fit, along with providing a trespass warning to the Association regarding their property.

In its original petition, the Association sought a temporary injunction, a permanent injunction, statutory liquidated damages under section 202.004(c) of the Property Code, and attorney's fees pursuant to section 5.006 of the Property Code. *See* Tex. Prop. Code Ann. §§ 5.006, 202.004(c) (West 2014). In response, the Bahrs filed their original answer, special exceptions, affirmative defenses, and counterclaim. In the counterclaim, they sued the Association and its board of directors, individually. The counterclaim sought declaratory judgment pursuant to chapter 37 of the Texas Civil Practices and Remedies Code. *See* Tex. Civ. Prac. Rem. Code Ann. §§ 37.001–.011 (West 2015). The Association filed a Rule 91a motion to dismiss asserting the Bahrs' counterclaims had no basis in law or fact. *See* Tex. R. Civ. P. 91a. In response, the Bahrs filed their first amended answer, special exceptions, affirmative defenses, and counterclaim. The trial court granted the Association's Rule 91a motion to dismiss and dismissed the Bahrs' counterclaim as

to all defendants.[1, 2] The original parties then filed competing motions for summary judgment. After a hearing, the trial court denied the Bahrs' motion for summary judgment, but granted the Association's motion for summary judgment.

The Bahrs present three issues on appeal. First, they assert the trial court erred by granting the Association's temporary injunction. Second, the Bahrs assert the trial court's Rule 91a dismissal was "manifest constitutional error and manifest error on the entire case." Finally, the Bahrs argue the trial court's summary judgment in favor of the Association was "manifest constitutional error and manifest error on the entire case."[3]

---

[1] The Bahrs attempted to pursue an interlocutory appeal of the trial court's Rule 91a dismissal of their counterclaims by filing a "Motion for Order for Interlocutory Appeal on Controlling Question of Law." Despite the trial court's denial of the Bahrs' request to file an interlocutory appeal, the Bahrs filed a notice of interlocutory appeal. This court dismissed the interlocutory appeal for lack of jurisdiction. *See Bahr v. Emerald Bay Prop. Owners Ass'n, Inc.*, No. 09–15–00363–CV, 2016 WL 1054506, at *1 (Tex. App.—Beaumont, Mar. 17, 2016, no pet.) (mem. op.).

[2] The trial court's order dismissed the Bahrs' counterclaims jointly against all defendants to the counterclaim. The individual directors, namely Sharon Jeans, Ted Ankney, and Martha Freeman, have not filed briefs in this appeal.

[3] Despite the Bahrs' complaints of "manifest constitutional error," nowhere in their brief is the constitution cited, and the excerpts from the reporter's record cited do not direct us in any way as to which argument they support. An appellant's brief must "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i).

## II. Issue One: Temporary Injunction

While the Bahrs complain in their brief about a temporary injunction entered by the trial court, the trial court issued a permanent and mandatory injunction in its final summary judgment order, making the issue of a temporary injunction moot. *Isuani v. Manske-Sheffield Radiology Group, P.A.*, 802 S.W.2d 235, 236–37 (Tex. 1991) (holding appeals court erred in reaching merits of interlocutory appeal of temporary injunction after trial court entered permanent injunction rendering temporary injunction moot). Therefore, we overrule the Bahrs' first issue.

## III. Issue Two: Rule 91a Motion to Dismiss

### A. Standard of Review

In their second issue, the Bahrs argue the trial court erred in granting the Association's Rule 91a motion to dismiss their counterclaim against all defendants. Rule 91a allows a party to move to dismiss a cause of action that has no basis in law or fact. Tex. R. Civ. P. 91a.1. "We review the merits of a Rule 91a motion *de novo* because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (citing *Wooley v. Schaffer*, 447 S.W.3d 71, 75–76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)); *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014,

pet. denied). In likening a Rule 91a motion to dismiss to a federal Rule 12(b)(6) motion, this court noted "dismissal is appropriate if the court determines beyond doubt that the plaintiff can prove no set of facts to support a claim that would entitle him to relief." *Toups*, 429 S.W.3d at 754 (citing *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)); *see also* Fed. R. Civ. P. 12(b)(6). Whether a cause of action has any basis in law or fact is a legal question, based on allegations in the live pleadings and any attachments. *Weizhong Zheng v. Vacation Network, Inc.*, 468 S.W.3d 180, 183 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (citing *Wooley*, 447 S.W.3d at 76).

**B. Analysis**

The Bahrs' counterclaim sought a declaratory judgment pursuant to Chapter 37 of the Civil Practices and Remedies Code, seeking a declaration that the Association and its officers "had no authority to enforce the deed restrictions and have waived the right to enforce the building of a fence on the Bahr's (sic) property, in that the same kind of fences have been approved[.]" *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001–.011. In support of their counterclaim, the Bahrs asserted that the Association was involuntarily dissolved by the Secretary of State on March 8, 1995, for failure to pay franchise taxes and was not reinstated until July 28, 2014. Thus, the Bahrs asserted the 1999 Amended Restrictions containing the fence

7

provision were void as they were filed while the Association's "right to conduct business affairs was forfeited, involuntarily dissolved, and made null and void[.]"

The Bahrs essentially made three arguments in their counterclaim. Initially, they assert the Association waived its right to enforce the Amended Restrictions. In their amended answer and counterclaim, the Bahrs seemed to assert that waiver or abandonment of the deed restrictions by the Association entitled them to affirmative relief. "The Declaratory Judgments Act is 'not available to settle disputes already pending before a court.'" *See BHP Petroleum Co., Inc. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990) (quoting *Heritage Life v. Heritage Group Holding*, 751 S.W.2d 229, 235 (Tex. App.—Dallas 1988, writ denied)). A declaratory judgment counterclaim that has greater ramifications than the original suit is allowed. *Id.* at 842. In order to have "greater ramifications" the counterclaim must seek some sort of affirmative relief rather than assert a mere denial of the plaintiff's claim. *Howell v. Mauzy*, 899 S.W.2d 690, 706 (Tex. App.—Austin 1994, writ denied); *HECI Expl. Co. v. Clajon Gas Co.*, 843 S.W.2d 622, 638–39 (Tex. App.—Austin 1992, writ denied). A defensive pleading must allege the defendant's cause of action entitles him to the recovery of benefits, compensation, or relief, independent of the plaintiff's claim, in order to qualify as a claim for affirmative relief. *Gen. Land Office of Tex. V. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex. 1990) (internal citations omitted).

8

Waiver and abandonment are affirmative defenses to the Association's claims against the Bahrs, not a claim that would entitle the Bahrs affirmative declaratory relief by a counterclaim, as the issue of the enforceability of the deed restrictions was already before the trial court. *See BHP Petroleum*, 800 S.W.2d at 841–42. There are certain situations where a declaratory judgment counterclaim is appropriate for conflicts surrounding deed restrictions, for example when parties seek a declaration that the amendments are void in their entirety or seek to clarify and define the parties' ongoing relationship in the future. *See Owens v. Ousey*, 241 S.W.3d 124, 132–33 (Tex. App.—Austin 2007, pet. denied). That is not the case here. The Bahrs sought a declaration that the Association "had no authority to enforce the restrictions and have waived the right to enforce the building of a fence on the Bahr's (sic) property[.]" The Bahrs' counterclaim did not seek to clarify or define the relationship for the future, but rather, sought to determine whether the Association could enforce the fence provision against the Bahrs' property in this particular instance. *Cf. id.* at 133. Thus, the counterclaim sought nothing beyond that which was already before the trial court.

The Bahrs' emphasis on the Association's forfeiture of its corporate status is misplaced. Section 22.362 of the Nonprofit Corporations Act governs the effect of a forfeiture. *See* Tex. Bus. Orgs. Code Ann. § 22.362 (West 2012). That section

9

provides that "[t]he forfeiture of the right to conduct affairs in this state does not[]

impair the validity of a contract or act of the corporation[.]" *Id.* § 22.362(c)(1).

Despite the Bahrs' assertion to the contrary, the validity of the 1999 Amended Deed

Restrictions was not impacted by the tax forfeiture. *See id.* The Association paid the

requisite penalties, filed the necessary report, and its corporate status was reinstated

on July 28, 2014, prior to the initiation of the underlying lawsuit. The reinstatement

letter is attached to the Bahrs' amended answer and counterclaim. While under the

effect of a forfeiture, a corporation may not maintain an action, suit, or proceeding

in court; however, the Association was reinstated as a corporation prior to the

commencement of the underlying lawsuit in this case. *See id.* § 22.362(a)(1); *id.* §

22.365 (West 2012); *Lyons v. Texorado Oil & Gas Co.*, 91 S.W.2d 375, 378 (Tex.

Civ. App.—Amarillo 1935, writ ref'd) (holding a contract was not void that was

made by a domestic corporation while its right to do business in Texas was forfeited

for failure to pay its franchise tax).

Finally, the Bahrs also assert that the Association did not have the authority

to amend the deed restrictions until June 1, 2000. However, the original restrictions

executed on March 25, 1983, and attached to the Bahrs' live pleading, provided they

"shall be binding upon all parties and all persons claiming under them until June 1st,

2000 . . . *unless* an instrument signed by a majority of the then owners of the tract

10

has been recorded, agreeing to change said covenants in whole or in part." (Emphasis added). The plain language of the restrictions allowed for a majority of the owners to change the covenants. The original dedicatory instrument was attached to the Bahrs' live pleading, together with the executed acknowledgments of a majority of the owners that showed the ratification of the 1999 Amended Restrictions. Therefore, the Bahrs' arguments lack merit.

Because the live pleadings establish the Bahrs' counterclaim had no basis in law or fact, the trial court did not err in granting the Association's 91a motion to dismiss as to the Bahrs' counterclaim. *See* Tex. R. Civ. P. 91a.1. We overrule the Bahrs' second issue on appeal.

## IV. Issue Three: Summary Judgment

### A. Standard of Review

We review a summary judgment *de novo*. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In doing so, "[w]e review the evidence presented in the motion and the response in the light most favorable to the party against whom summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009) (citing *City of Keller v. Wilson*, 168

11

S.W.3d 802, 807, 827 (Tex. 2005)). The moving party bears the burden of showing no genuine issue of material fact exists, and it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort*, 289 S.W.3d at 848; *Knott*, 128 S.W.3d at 216. When both sides move for summary judgment, granting one and denying the other, we review summary judgment evidence presented by both sides and determine all questions presented. *Mann Frankfort*, 289 S.W.3d at 848 (citing *Comm'rs Court of Titus Cty. v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997)). We will render the judgment that the trial court should have rendered. *Myrad Props., Inc. v. LaSalle Bank Nat. Ass'n*, 300 S.W.3d 746, 753 (Tex. 2009); *Agan*, 940 S.W.2d at 81.

**B. Analysis**

The Association filed a motion for summary judgment on both traditional and no-evidence grounds. *See* Tex. R. Civ. P. 166a; 166a(i). That motion challenged each of the Bahrs' affirmative defenses. Further, the Association timely objected to the affidavits filed by the Bahrs as summary judgment evidence and requested the trial court strike such evidence. The Association objected to the conclusory statements contained in the affidavits and argued the affidavits contained statements that were hearsay. The Association also objected to the purported business records affidavit of Margaret Main. The Bahrs attempted to authenticate documents as business records attached to their motion for summary judgment with the affidavit of Main. However,

12

Main was not the records custodian at the time the affidavit was executed and had not been the secretary of the Association since 2004. Additionally, the Association objected to exhibits 11–39 attached to the Bahrs' motion for summary judgment, which included photographs, a string of emails, and a map allegedly revealing other violations of deed restrictions in the subdivision. The Association objected to these exhibits on the basis of improper predicate and hearsay. The trial court sustained the objections, and the Bahrs failed to remedy or supplement their summary judgment evidence.

"A conclusory statement is one that does not provide the underlying facts to support the conclusion." *Dolcefino v. Randolph*, 19 S.W.3d 906, 930 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (internal quotes omitted). Affidavits providing no basis for personal knowledge are legally insufficient. *Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008). Because affidavits containing conclusory allegations are not proper summary judgment proof, the trial court properly struck these affidavits upon objection by the Association. *See* Tex. R. Civ. P. 166a(f); *Dolcefino*, 19 S.W.3d at 930. Affidavits in support of or in opposition to summary judgment must present facts as would be admissible in evidence. *See United Blood Servs. v. Longoria*, 938 S.W.2d 29, 30 (Tex. 1997) (discussing expert affidavits).

The only evidence remaining in support of the Bahrs' motion for summary judgment was the Association's recorded dedicatory instruments, a letter from the secretary of state indicating the corporation was dissolved, and the 1999 amended deed restrictions. The dedicatory instruments, together with the 1999 amendments, support the claims of the Association by establishing the existence of the amended restrictions, and we have already explained why the forfeiture of the Association's corporate status would not support the Bahrs' arguments.

The trial court sustained the Association's objections to the Bahrs' affidavits and other summary judgment evidence. On appeal, the Bahrs complain the trial court granting the Association's motion for summary judgment was "manifest constitutional error and manifest error on the entire case." Specifically, the Bahrs argue striking their affidavits and summary judgment evidence was error; however, there are no arguments made by the Bahrs or any authorities cited to support their assertion that their affidavits or other summary judgment evidence was proper, other than to make the blanket assertion the affidavits were "based upon personal knowledge."

"In reviewing whether a summary judgment was properly granted, we may not consider struck portions of the record because that evidence is not a part of the summary judgment record." *McCollum v. Bank of N.Y. Mellon Trust Co.*, 481

14

S.W.3d 352, 362 (Tex. App.—El Paso 2015, no pet.) (citing *Trudy's Tex. Star, Inc. v. City of Austin*, 307 S.W.3d 894, 898 n.2 (Tex. App.—Austin 2010, no. pet.)). Because the Bahrs failed to show on appeal that the trial court erred in striking their affidavits, we cannot consider that evidence in our review of the trial court's summary judgment. *See id.* (holding that the trial court was required to grant no-evidence motion for summary judgment because nonmovant's evidence had been stricken). "When an appellee objects to evidence on several independent grounds and, on appeal, the appellant complains of the exclusion of the evidence on only one of those grounds, the appellant waives any error by failing to challenge all possible grounds for the trial court's ruling that sustained the objection." *Gulley v. Davis*, 321 S.W.3d 213, 218 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (citing *Trahan v. Lone Star Title Co. of El Paso, Inc.*, 247 S.W.3d 269, 284 (Tex. App.—El Paso 2007, pet. denied)); *see also Katy Springs & Mfg., Inc. v. Favalora*, 476 S.W.3d 579, 607 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (holding appellant waived error with regard to trial court's striking of affidavit because appellant failed to challenge on appeal all possible grounds for the trial court's ruling).

The Bahrs have failed on appeal to identify any statements in the affidavits that were not stricken. Additionally, they have failed to show in their brief to this Court how their summary judgment evidence and affidavits were improperly

15

stricken. Because they have failed to articulate how any statements not struck raise a genuine issue of material fact as to their affirmative defenses or to raise any issue that would negate the Association conclusively establishing the existence of the deed restrictions and the Bahrs' violation of those restrictions, we hold the trial court did not err in ruling the Association was entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a; 166a(i). We overrule issue three.

## V. Conclusion

We conclude the Bahrs' complaints regarding the temporary injunction are moot because the court subsequently issued a mandatory and permanent injunction in the case. Additionally, we conclude the trial court did not err in granting the Association's Rule 91a motion to dismiss. On appeal, the Bahrs failed to show their summary judgment evidence was improperly stricken or otherwise raise a genuine issue of material fact either by their motion for summary judgment or in response to the Association's motion for summary judgment. The Association conclusively established the enforceability of the 1999 Amended Deed Restrictions impressed upon the property and that the Bahrs' construction of a fence was in violation of those restrictions. Therefore, the trial court did not err in granting summary judgment for the Association and in denying the Bahrs' motion for summary judgment. Having overruled all issues on appeal, we affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on November 2, 2017
Opinion Delivered May 24, 2018

Before McKeithen, C.J., Kreger, and Johnson, JJ.